IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT D. CHRIST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) C.A. No. _____ |
| BRETT J. CORMICK, ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC, ELAN SUISSE (PTY) LTD., NICOGEL LTD., JOHN WALTERS, DIANNE MARSHALL and MERCARI FINANCIAL SERVICES (PTY) LTD., | ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Robert D. Christ, by and through his undersigned attorneys, hereby brings this action against defendants Brett J. Cormick, Elan Suisse International Holdings (USA) LLC, Elan Suisse (Pty) Ltd., Nicogel Ltd., John Walters, Dianne Marshall and Mercari Financial Services (Pty) Ltd. In support thereof, plaintiff alleges as follows:

### Parties

1. Plaintiff Robert D. Christ is a citizen of Pennsylvania who resides in Pottstown, Pennsylvania.

2. Defendant Brett J. Cormick ("Cormick") is a citizen of the Commonwealth of Australia who resides in the United Kingdom and the Republic of Zimbabwe.

3. Defendant Elan Suisse International Holdings (USA) LLC ("Elan Suisse USA") is a limited liability company formed and organized under the laws of Delaware. Defendant Cormick is the sole member of Elan Suisse USA.

4. Defendant Elan Suisse (Pty) Ltd. ("Elan Suisse") is a corporation formed and

organized under the laws of the Republic of South Africa. At all times relevant to the events described herein, defendant Cormick was a director and officer of Elan Suisse.

5. Defendant Nicogel Ltd. ("Nicogel") is a corporation formed and organized under the laws of the United Kingdom with its principal place of business in Cambridgeshire, England.

6. Defendant John Walters ("Walters") is a citizen of the United Kingdom who resides in Suffolk, England. Walters is the Chief Executive Officer of defendant Nicogel.

7. Defendant Dianne Marshall ("Marshall") is a citizen of the United Kingdom who resides in Suffolk, England. Upon information and belief, Marshall is an officer and shareholder of defendant Nicogel.

8. Defendant Mercari Financial Services (Pty) Ltd. ("Mercari") is a corporation formed and organized under the laws of the Republic of South Africa with its principal place of business in Sandton, South Africa. At all times relevant to the events described herein, defendant Cormick was a director of Mercari.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the action is between citizens of different states and citizens or subjects of a foreign state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Defendant Elan Suisse USA, as a Delaware limited liability company, is subject to the personal jurisdiction of this Court pursuant to Section 18-105 of the Delaware Limited Liability Company Act (the "LLC Act"), 6 *Del. C.* § 18-105.

11. As a person who participates materially in the management of Elan Suisse USA, defendant Cormick is subject to the personal jurisdiction of this Court pursuant to Section 18-109(a) of the LLC Act, 6 *Del. C.* § 18-109(a).

12. Defendants Cormick, Elan Suisse, Nicogel, Walters, Marshall and Mercari are subject to the personal jurisdiction of this Court pursuant to 10 *Del. C.* § 3104, as they individually and/or in conspiracy with each other formed and utilized a Delaware entity to defraud and cause harm to plaintiff as described more fully below.

13. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a), as one or more defendants is subject to personal jurisdiction within this district and there is no district in which the action may otherwise be brought.

## Factual Background

14. In the mid- to late 1990's, plaintiff operated a tour company specializing in expeditions to the geographic North and South Poles. Plaintiff first met defendant Cormick in April 1996, when Cormick participated in one of plaintiff's expeditions, after which time plaintiff and Cormick maintained a friendship.

15. In January 2004, plaintiff traveled to Cape Town, South Africa to attend to the affairs of a close friend who had died suddenly in an accident. While plaintiff was in South Africa, Cormick traveled to Cape Town from his residence in Harare, Zimbabwe to meet with plaintiff. During these meetings, Cormick discussed with plaintiff his potential investment in a purported business opportunity devised by Cormick.

16. Specifically, on January 28, 2004, Cormick proposed in an e-mail to plaintiff that plaintiff invest in a holding company that would operate to promote and sell United States-based financial products and investment vehicles to investors located in South Africa. In this e-mail, Cormick intentionally misrepresented to plaintiff, among other things, that he had access to 8,000 brokers and financial advisors in South Africa who represented one million potential investors in that country. Cormick further misrepresented to plaintiff that he had relationships with investors who intended immediately to invest $28.5 million through his proposed business.

3

However, Cormick informed plaintiff, he required an initial infusion of capital in order to launch the venture.

17. To that end, during late January and early February 2004, plaintiff and Cormick exchanged multiple e-mails in which they negotiated the terms of plaintiff's investment in Cormick's alleged business venture. Over the course of these e-mails, in response to concerns raised by plaintiff and in an effort to persuade plaintiff to invest in his purported business, Cormick intentionally misrepresented to plaintiff that the infrastructure to begin operations already was in place and that he only needed plaintiff's investment in order to get his business off the ground.

18. These negotiations culminated in a written proposal by Cormick on February 15, 2004 pursuant to which plaintiff would invest $350,000 in exchange for a 50% equity interest in two entities: (i) Elan Suisse, a South African corporation which would manage the investment operations; and (ii) Elan Suisse USA, a Delaware limited liability company which would own certain intellectual property rights. In subsequent e-mails in late February 2004, and during a face-to-face meeting in London, England in early March 2004, plaintiff and Cormick further discussed the details of plaintiff's investment. During this time, Cormick emphasized to plaintiff repeatedly that he required plaintiff's investment as soon as possible.

19. During the course of these discussions, plaintiff and Cormick agreed to memorialize the terms of plaintiff's investment in a written agreement at a future date. In March 2004, in reliance upon Cormick's promise that he and plaintiff would draft and execute promptly a written agreement documenting plaintiff's investment in Elan Suisse and Elan Suisse USA (which Cormick caused to be formed in Delaware on March 15, 2004), and in reliance upon multiple misstatements by Cormick concerning his personal credentials, his purported

relationships with South African investors and the validity of his proposed business venture, plaintiff wired an initial investment of $250,000 (in two separate payments of $125,000 each) to Cormick's personal bank account in London pursuant to Cormick's instructions. Plaintiff withheld the remaining $100,000 of his proposed investment pending execution of a written agreement.

20. However, despite Cormick's representations that he and plaintiff would execute a written agreement, no such contract was ever prepared or signed, nor did plaintiff ever receive equity shares of Elan Suisse or Elan Suisse USA in exchange for his $250,000 investment. In September 2004, at which time Cormick's business had yet to commence operations, plaintiff sent e-mails to Cormick inquiring as to the status of his investment and requesting an audit of Elan Suisse and Elan Suisse USA. In response to plaintiff's requests, in an e-mail dated September 9, 2004, Cormick offered to repay plaintiff the $250,000 he had wired previously to Cormick. Plaintiff accepted Cormick's offer in writing on November 30, 2004. To date, however, in direct breach of their agreement, plaintiff has not received repayment of his $250,000 payment from Cormick.

## COUNT I

### (Promissory Estoppel)

21. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

22. As alleged above, in order to induce plaintiff to pay $250,000 to him, defendant Cormick affirmatively promised (i) to provide plaintiff with 50% equity shares in Elan Suisse and Elan Suisse USA, and (ii) to enter into a written agreement with plaintiff governing plaintiff's investment in Elan Suisse and Elan Suisse USA following plaintiff's payment of such funds.

23. In reasonable reliance upon Cormick's promises, plaintiff paid $250,000 to

Cormick but plaintiff never received any consideration in return and the parties never drafted or executed a formal written agreement.

24. As a result of Cormick's conduct, plaintiff has suffered damages of no less than $250,000.

## COUNT II

### (Breach of Contract)

25. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

26. As alleged above, on November 30, 2004 plaintiff and defendant Cormick entered into a contract pursuant to which Cormick agreed to repay $250,000 to plaintiff in consideration for plaintiff's agreement to forego legal action against Cormick and to perform web development and other marketing services for Cormick's proposed (but, unknown to plaintiff at the time, illusory) business venture.

27. Cormick materially breached this contract by failing to repay $250,000 to plaintiff.

28. As a result of Cormick's breach of contract, plaintiff has suffered damages of no less than $250,000. Alternatively, plaintiff also is entitled to specific performance of his contract with Cormick pursuant to which Cormick agreed to repay $250,000 to plaintiff.

## COUNT III

### (Fraud)

29. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

30. As alleged above, defendant Cormick made numerous statements to plaintiff which, at the time the statements were made, Cormick knew to be false. Specifically, Cormick made multiple misstatements to plaintiff concerning, among other things: (i) his personal credentials and background; (ii) his purported relationships with investors in South Africa; and

(iii) the validity and operations of his purported business venture.

31. Cormick made such statements to plaintiff to induce plaintiff to pay $250,000 to Cormick under the false impression that plaintiff was investing in a business opportunity operated by Cormick.

32. Plaintiff justifiably relied upon Cormick's false statements in paying $250,000 to Cormick, a sum for which plaintiff has never received any consideration and which Cormick has never repaid.

33. As a result of plaintiff's reliance upon Cormick's false statements, plaintiff has suffered damages of no less than $250,000.

## COUNT IV
### (Civil Conspiracy)

34. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

35. As alleged above, defendant Cormick formed Elan Suisse USA in connection with and in furtherance of his unlawful scheme to defraud plaintiff and induce plaintiff to pay Cormick $250,000.

36. At the time of the events alleged herein, Cormick was a director of Mercari. With the authorization of Mercari's then-Managing Director, Cormick operated Elan Suisse out of Mercari's offices and utilized Mercari's employees and resources (such as mail service, telephones, computers, fax services, etc.) to communicate with plaintiff and to effectuate his unlawful scheme to defraud plaintiff and induce plaintiff to pay Cormick $250,000.

37. Upon information and belief, the $250,000 paid by plaintiff to Cormick was never used to fund the non-existent Elan Suisse operations, but instead was used by Cormick and defendants Walters and Marshall to capitalize defendant Nicogel, a start-up company which was known originally as Aquacine Ltd. Nicogel, which was founded in early 2005, purports to

market a nicotine replacement device in the form of an externally-applied gel.

38. As these facts demonstrate, defendants Elan Suisse, Elan Suisse USA, Nicogel, Walters, Marshall and Mercari conspired with defendant Cormick to defraud plaintiff and to unlawfully misappropriate the $250,000 paid by plaintiff to Cormick.

39. As a result of defendants' actions, plaintiff has suffered damages of no less than $250,000.

WHEREFORE, plaintiff Robert D. Christ respectfully requests that the Court enter an order and judgment against defendants:

A. Awarding him compensatory, consequential and punitive damages in an amount to be determined at trial, as well as pre- and post-judgment interest;

B. Awarding plaintiff specific performance of his contract with Cormick pursuant to which Cormick agreed to repay $250,000 to plaintiff;

C. Awarding him his fees and expenses, including reasonable attorneys' fees, incurred in this action; and

D. Granting such other and further relief as the Court deems just and proper.

BUCHANAN INGERSOLL PC

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (No. 3691)
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, Delaware 19801
(302) 428-5500

Attorneys for Plaintiff Robert D. Christ

Dated: April 27, 2006

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert D. Christ

### DEFENDANTS
Brett J. Cormick, et al.

(b) County of Residence of First Listed Plaintiff    Montgomery, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thad J. Bracegirdle, Buchanan Ingersoll PC, 1007 N. Orange St., Suite 1110, Wilmington, DE 19801, (302) 428-5500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a)

Brief description of cause:
Action for promissory estoppel, breach of contract, fraud and civil conspiracy.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 04/27/2006

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.