IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RE:   Robert D. Christ v. Brett J. Cormick, et.al., D.Del.,

**Civil Action No. 06-275 GMS**

### AFFIDAVIT

      I, Ronald B. Eberhard, Deputy Clerk, being first sworn, depose and say that pursuant to 6 Del. Code 18-109 and Federal Rule of Civil Procedure 4(f)(2)(c)(ii), I did send on May 9, 2006, by Registered Mail, return receipt requested, via U.S. Postal Service, certified copies of the complaint and summons, individually addressed to:

Brett J. Cormick
Suite 334
2 Lansdowne Row
Mayfair, London W1J6HL
United Kingdom

      This mailing is made pursuant to 6 Del. Code 18-109 and Federal Rule of Civil Procedure 4(f)(2)(c)(ii).

                                                    Ronald B. Eberhard
                                                    Deputy Clerk

Sworn to and subscribed before me
this 9th day of May, 2006:

Elizabeth Dinan
Deputy Clerk

cc:   Buchanan Ingersoll PC
      Thad J. Bracegirdle, Esq.
      The Nemours Building
      1007 N. Orange Street, Suite 1110
      Wilmington, DE 19801
      (Attorney for Plaintiff Robert D. Christ)

# Buchanan Ingersoll PC
ATTORNEYS

**Thad J. Bracegirdle**
302 428 5555
bracegirdletj@bipc.com

The Nemours Building
1007 North Orange Street, Suite 1110
Wilmington, DE 19801-1236

T 302 428 5500
F 302 428 3996

www.buchananingersoll.com

May 8, 2006

**VIA REGISTERED MAIL, RETURN RECEIPT REQUESTED**

Brett J. Cormick
Suite 334
2 Lansdowne Row
Mayfair, London W1J 6HL
United Kingdom

    Re:    *Robert D. Christ v. Brett J. Cormick, et al.*, D. Del., C.A. No. 06-275-GMS

Dear Mr. Cormick:

    I write to inform you that Robert D. Christ has filed a complaint against you in the United States District Court for the District of Delaware.

    Enclosed is a copy of the Complaint and Summons filed in this action. A copy of the papers enclosed herein was personally served upon the registered agent for Elan Suisse International Holdings (USA) LLC, a Delaware limited liability company, in compliance with 6 *Del. C.* § 18-109. Such service is effectual for all intents and purposes as if it had been made on you personally within the State of Delaware.

                          Very truly yours,

                            Thad J. Bracegirdle

Enclosures

#764403-v1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     Delaware

Robert D. Christ

V.

Brett J. Cormick, Elan Suisse Int'l Holdings (USA) LLC, Elan Suisse (Pty) Ltd., Nicogel Ltd., John Walters, Dianne Marshall & Mercari Financial

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:    0 6 - 2 7 5

TO: (Name and address of Defendant)

    Brett J. Cormick
    c/o Delaware Business Incorporators, Inc.
    3422 Old Capital Trail, Suite 700
    Wilmington, DE 19808-6192
    (as registered agent of Elan Suisse International Holdings (USA) LLC)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Thad J. Bracegirdle, Esquire
    Buchanan Ingersoll PC
    The Nemours Building
    1007 N. Orange Street, Suite 1110
    Wilmington, DE 19801

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO                    4-27-06

CLERK                                                  DATE

*[signature]*
(By) DEPUTY CLERK

• AO 440 (Rev 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE 5/1/06 |
| NAME OF SERVER (PRINT) DENORRIS BRITT | TITLE SPECIAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): SERVED: BRETT J. CORMICK C/O DELAWARE BUSINESS INCORPORATORS, INC AT 3422 OLD CAPITAL TRAIL WILMINGTON, DE COPIES THEREOF WERE ACCEPTED BY DENISE BURROUGH (PROCESS AGENT)

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 5/1/06
          Date

*Signature of Server*
BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE 19899-1360
302-475-2600

CERTIFIED: 5/8/06
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _____
         Deputy Clerk

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 06 - 275 |
| BRETT J. CORMICK, ELAN SUISSE | ) | |
| INTERNATIONAL HOLDINGS (USA) | ) | |
| LLC, ELAN SUISSE (PTY) LTD., | ) | **JURY TRIAL DEMANDED** |
| NICOGEL LTD., JOHN WALTERS, | ) | |
| DIANNE MARSHALL and MERCARI | ) | |
| FINANCIAL SERVICES (PTY) LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Robert D. Christ, by and through his undersigned attorneys, hereby brings this action against defendants Brett J. Cormick, Elan Suisse International Holdings (USA) LLC, Elan Suisse (Pty) Ltd., Nicogel Ltd., John Walters, Dianne Marshall and Mercari Financial Services (Pty) Ltd. In support thereof, plaintiff alleges as follows:

### Parties

1. Plaintiff Robert D. Christ is a citizen of Pennsylvania who resides in Pottstown, Pennsylvania.

2. Defendant Brett J. Cormick ("Cormick") is a citizen of the Commonwealth of Australia who resides in the United Kingdom and the Republic of Zimbabwe.

3. Defendant Elan Suisse International Holdings (USA) LLC ("Elan Suisse USA") is a limited liability company formed and organized under the laws of Delaware. Defendant Cormick is the sole member of Elan Suisse USA.

4. Defendant Elan Suisse (Pty) Ltd. ("Elan Suisse") is a corporation formed and

organized under the laws of the Republic of South Africa. At all times relevant to the events described herein, defendant Cormick was a director and officer of Elan Suisse.

5.  Defendant Nicogel Ltd. ("Nicogel") is a corporation formed and organized under the laws of the United Kingdom with its principal place of business in Cambridgeshire, England.

6.  Defendant John Walters ("Walters") is a citizen of the United Kingdom who resides in Suffolk, England. Walters is the Chief Executive Officer of defendant Nicogel.

7.  Defendant Dianne Marshall ("Marshall") is a citizen of the United Kingdom who resides in Suffolk, England. Upon information and belief, Marshall is an officer and shareholder of defendant Nicogel.

8.  Defendant Mercari Financial Services (Pty) Ltd. ("Mercari") is a corporation formed and organized under the laws of the Republic of South Africa with its principal place of business in Sandton, South Africa. At all times relevant to the events described herein, defendant Cormick was a director of Mercari.

### Jurisdiction and Venue

9.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the action is between citizens of different states and citizens or subjects of a foreign state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Defendant Elan Suisse USA, as a Delaware limited liability company, is subject to the personal jurisdiction of this Court pursuant to Section 18-105 of the Delaware Limited Liability Company Act (the "LLC Act"), 6 *Del. C.* § 18-105.

11. As a person who participates materially in the management of Elan Suisse USA, defendant Cormick is subject to the personal jurisdiction of this Court pursuant to Section 18-109(a) of the LLC Act, 6 *Del. C.* § 18-109(a).

12. Defendants Cormick, Elan Suisse, Nicogel, Walters, Marshall and Mercari are subject to the personal jurisdiction of this Court pursuant to 10 *Del. C.* § 3104, as they individually and/or in conspiracy with each other formed and utilized a Delaware entity to defraud and cause harm to plaintiff as described more fully below.

13. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a), as one or more defendants is subject to personal jurisdiction within this district and there is no district in which the action may otherwise be brought.

## Factual Background

14. In the mid- to late 1990's, plaintiff operated a tour company specializing in expeditions to the geographic North and South Poles. Plaintiff first met defendant Cormick in April 1996, when Cormick participated in one of plaintiff's expeditions, after which time plaintiff and Cormick maintained a friendship.

15. In January 2004, plaintiff traveled to Cape Town, South Africa to attend to the affairs of a close friend who had died suddenly in an accident. While plaintiff was in South Africa, Cormick traveled to Cape Town from his residence in Harare, Zimbabwe to meet with plaintiff. During these meetings, Cormick discussed with plaintiff his potential investment in a purported business opportunity devised by Cormick.

16. Specifically, on January 28, 2004, Cormick proposed in an e-mail to plaintiff that plaintiff invest in a holding company that would operate to promote and sell United States-based financial products and investment vehicles to investors located in South Africa. In this e-mail, Cormick intentionally misrepresented to plaintiff, among other things, that he had access to 8,000 brokers and financial advisors in South Africa who represented one million potential investors in that country. Cormick further misrepresented to plaintiff that he had relationships with investors who intended immediately to invest $28.5 million through his proposed business.

3

However, Cormick informed plaintiff, he required an initial infusion of capital in order to launch the venture.

17. To that end, during late January and early February 2004, plaintiff and Cormick exchanged multiple e-mails in which they negotiated the terms of plaintiff's investment in Cormick's alleged business venture. Over the course of these e-mails, in response to concerns raised by plaintiff and in an effort to persuade plaintiff to invest in his purported business, Cormick intentionally misrepresented to plaintiff that the infrastructure to begin operations already was in place and that he only needed plaintiff's investment in order to get his business off the ground.

18. These negotiations culminated in a written proposal by Cormick on February 15, 2004 pursuant to which plaintiff would invest $350,000 in exchange for a 50% equity interest in two entities: (i) Elan Suisse, a South African corporation which would manage the investment operations; and (ii) Elan Suisse USA, a Delaware limited liability company which would own certain intellectual property rights. In subsequent e-mails in late February 2004, and during a face-to-face meeting in London, England in early March 2004, plaintiff and Cormick further discussed the details of plaintiff's investment. During this time, Cormick emphasized to plaintiff repeatedly that he required plaintiff's investment as soon as possible.

19. During the course of these discussions, plaintiff and Cormick agreed to memorialize the terms of plaintiff's investment in a written agreement at a future date. In March 2004, in reliance upon Cormick's promise that he and plaintiff would draft and execute promptly a written agreement documenting plaintiff's investment in Elan Suisse and Elan Suisse USA (which Cormick caused to be formed in Delaware on March 15, 2004), and in reliance upon multiple misstatements by Cormick concerning his personal credentials, his purported

4

relationships with South African investors and the validity of his proposed business venture, plaintiff wired an initial investment of $250,000 (in two separate payments of $125,000 each) to Cormick's personal bank account in London pursuant to Cormick's instructions. Plaintiff withheld the remaining $100,000 of his proposed investment pending execution of a written agreement.

20. However, despite Cormick's representations that he and plaintiff would execute a written agreement, no such contract was ever prepared or signed, nor did plaintiff ever receive equity shares of Elan Suisse or Elan Suisse USA in exchange for his $250,000 investment. In September 2004, at which time Cormick's business had yet to commence operations, plaintiff sent e-mails to Cormick inquiring as to the status of his investment and requesting an audit of Elan Suisse and Elan Suisse USA. In response to plaintiff's requests, in an e-mail dated September 9, 2004, Cormick offered to repay plaintiff the $250,000 he had wired previously to Cormick. Plaintiff accepted Cormick's offer in writing on November 30, 2004. To date, however, in direct breach of their agreement, plaintiff has not received repayment of his $250,000 payment from Cormick.

## COUNT I

### (Promissory Estoppel)

21. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

22. As alleged above, in order to induce plaintiff to pay $250,000 to him, defendant Cormick affirmatively promised (i) to provide plaintiff with 50% equity shares in Elan Suisse and Elan Suisse USA, and (ii) to enter into a written agreement with plaintiff governing plaintiff's investment in Elan Suisse and Elan Suisse USA following plaintiff's payment of such funds.

23. In reasonable reliance upon Cormick's promises, plaintiff paid $250,000 to

5

Cormick but plaintiff never received any consideration in return and the parties never drafted or executed a formal written agreement.

24. As a result of Cormick's conduct, plaintiff has suffered damages of no less than $250,000.

## COUNT II

### (Breach of Contract)

25. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

26. As alleged above, on November 30, 2004 plaintiff and defendant Cormick entered into a contract pursuant to which Cormick agreed to repay $250,000 to plaintiff in consideration for plaintiff's agreement to forego legal action against Cormick and to perform web development and other marketing services for Cormick's proposed (but, unknown to plaintiff at the time, illusory) business venture.

27. Cormick materially breached this contract by failing to repay $250,000 to plaintiff.

28. As a result of Cormick's breach of contract, plaintiff has suffered damages of no less than $250,000. Alternatively, plaintiff also is entitled to specific performance of his contract with Cormick pursuant to which Cormick agreed to repay $250,000 to plaintiff.

## COUNT III

### (Fraud)

29. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

30. As alleged above, defendant Cormick made numerous statements to plaintiff which, at the time the statements were made, Cormick knew to be false. Specifically, Cormick made multiple misstatements to plaintiff concerning, among other things: (i) his personal credentials and background; (ii) his purported relationships with investors in South Africa; and

(iii) the validity and operations of his purported business venture.

31.  Cormick made such statements to plaintiff to induce plaintiff to pay $250,000 to Cormick under the false impression that plaintiff was investing in a business opportunity operated by Cormick.

32.  Plaintiff justifiably relied upon Cormick's false statements in paying $250,000 to Cormick, a sum for which plaintiff has never received any consideration and which Cormick has never repaid.

33.  As a result of plaintiff's reliance upon Cormick's false statements, plaintiff has suffered damages of no less than $250,000.

## COUNT IV

### (Civil Conspiracy)

34.  Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

35.  As alleged above, defendant Cormick formed Elan Suisse USA in connection with and in furtherance of his unlawful scheme to defraud plaintiff and induce plaintiff to pay Cormick $250,000.

36.  At the time of the events alleged herein, Cormick was a director of Mercari. With the authorization of Mercari's then-Managing Director, Cormick operated Elan Suisse out of Mercari's offices and utilized Mercari's employees and resources (such as mail service, telephones, computers, fax services, etc.) to communicate with plaintiff and to effectuate his unlawful scheme to defraud plaintiff and induce plaintiff to pay Cormick $250,000.

37.  Upon information and belief, the $250,000 paid by plaintiff to Cormick was never used to fund the non-existent Elan Suisse operations, but instead was used by Cormick and defendants Walters and Marshall to capitalize defendant Nicogel, a start-up company which was known originally as Aquacine Ltd. Nicogel, which was founded in early 2005, purports to

7

market a nicotine replacement device in the form of an externally-applied gel.

38.     As these facts demonstrate, defendants Elan Suisse, Elan Suisse USA, Nicogel, Walters, Marshall and Mercari conspired with defendant Cormick to defraud plaintiff and to unlawfully misappropriate the $250,000 paid by plaintiff to Cormick.

39.     As a result of defendants' actions, plaintiff has suffered damages of no less than $250,000.

WHEREFORE, plaintiff Robert D. Christ respectfully requests that the Court enter an order and judgment against defendants:

A.      Awarding him compensatory, consequential and punitive damages in an amount to be determined at trial, as well as pre- and post-judgment interest;

B.      Awarding plaintiff specific performance of his contract with Cormick pursuant to which Cormick agreed to repay $250,000 to plaintiff;

C.      Awarding him his fees and expenses, including reasonable attorneys' fees, incurred in this action; and

D.      Granting such other and further relief as the Court deems just and proper.

BUCHANAN INGERSOLL PC

_____
Thad J. Bracegirdle (No. 3691)
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, Delaware 19801
(302) 428-5500

Attorneys for Plaintiff Robert D. Christ

Dated: April 27, 2006

CERTIFIED: 5/8/06
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _____
Deputy Clerk

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

May 9, 2006

REGISTERED MAIL
RETURN RECEIPT REQUESTED

Brett J. Cormick
Suite 334
2 Lansdowne Row
Mayfair, London W1J6HL
United Kingdom

    RE:    Robert D. Christ v. Brett J. Cormick, et.al., D.Del., C.A. No. 06-275 GMS

Dear Sir/Madam:

Enclosed please find certified copies of the Complaint and Summons filed in this Court as indicated on the letter dated 5/8/2006 by Mr. Thad J. Bracegirdle, Esq.

This service is made at the request of Thad J. Bracegirdle, pursuant to 6 Del. Code 18-109, and Federal Rule of Civil Procedure 4(f)(2)(c)(ii).

Sincerely,

BY: _____
Deputy Clerk

cc:    Buchanan Ingersoll PC
    Thad J. Bracegirdle, Esq.
    The Nemours Building
    1007 N. Orange Street, Suite 1110
    Wilmington, DE 19801
    (Attorney for Plaintiff Robert D. Christ)