# EXHIBIT M

Westlaw.

Not Reported in A.2d                                                                                          Page 1
Not Reported in A.2d, 2004 WL 249581 (Del.Super.)
(Cite as: 2004 WL 249581 (Del.Super.))

C

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
MARKETING PRODUCTS MANAGEMENT, LLC
and Chris Lundin, Plaintiffs,
v.
HEALTHANDBEAUTYDIRECT.COM, INC., f/k/a
Health and Beauty Direct, Inc., and
Brian Fraidin, Defendants.
No. 02C-04-256 CLS.

Submitted Sept. 3, 2003.
Decided Jan. 28, 2004.

On Defendants' Motion to Dismiss Brian Fraidin on Jurisdictional Grounds. Granted.

Dennis B. Phifer, Dennis Bruce Phifer, P.A., Wilmington, Delaware; Francis G.X. Pileggi, and Sheldon K. Rennie, Fox Rothschild LLP, Wilmington, Delaware, for Plaintiffs.

Philip Trainer, Jr., and Carolyn S. Hake, Ashby & Geddes, Wilmington, Delaware; William C. Davis, III, Shulman Rogers Gandal Porty & Ecker, P.A., Rockville, Maryland, for Defendants.

MEMORANDUM OPINION

SCOTT, J.

I. INTRODUCTION

*1 Defendant Brian Fraidin ("Fraidin") has filed a Motion to Dismiss on Jurisdictional Grounds. Upon consideration of the briefs submitted by the parties, this court concludes Fraidin's motion should be GRANTED.

II. BACKGROUND

This action arises from the alleged breach of a contract between plaintiff Marketing Products Management, Inc. ("MPM") and defendant HealthandBeautyDirect.com, Inc. ("HBD"). MPM disputes the calculation of the profit participation under the contract upon which payments to MPM are made. MPM also alleges fraudulent inducement of the contract. The Second Amended Complaint added Fraidin as a defendant, alleging he, individually and through HBD, fraudulently induced MPM to enter into the contract and fraudulently breached the contract. Currently before the court is Fraidin's Motion to Dismiss on Jurisdictional Grounds.

III. STANDARD OF REVIEW

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing a *prima facie* case that the court has personal jurisdiction over the defendant. [FN1] All factual inferences must be viewed in a light most favorable to plaintiffs [FN2] and all allegations of jurisdictional fact are presumed to be true. [FN3] Delaware's Long Arm Statute is to be construed to the maximum extent possible, consistent with due process. [FN4] "Failure to make an adequate evidentiary showing of facts sufficient to satisfy the requirements of either component of the personal jurisdiction test [is] fatal to plaintiffs' defense of [a] motion [to dismiss for lack of personal jurisdiction]. [FN5]

FN1. *Wright v. American Home Products Corp.*, 768 A.2d 518, 526 (Del.Super.2000).

FN2. *Id.*

FN3. *Jeffreys v. Exten*, 784 F.Supp. 146, 151 (D.Del.1992) (internal citation omitted).

FN4. *Id.*

FN5. *Newspan, Inc. v. Hearthstone Funding Corp.*, 1994 WL 198721 at *4 (Del.Ch.).

IV. DISCUSSION

Fraidin states he is merely a stockholder and officer and/or director of HBD. He has no other contacts with the state of Delaware and the allegations in the complaint do not relate to his status as officer or director. He argues, therefore, this court has no personal jurisdiction over him.

MPM counters that jurisdiction in Delaware is proper over Fraidin under several theories. First, as a director of HBD, Fraidin is subject to jurisdiction

Not Reported in A.2d                                                                                                                Page 2
Not Reported in A.2d, 2004 WL 249581 (Del.Super.)
**(Cite as: 2004 WL 249581 (Del.Super.))**

under 10 Del. C. § 3114. Second, the act of incorporating HBD in Delaware constitutes a transaction sufficient to satisfy 10 Del. C. § 3104(c). Third, that HBD and other entities [FN6] were incorporated in Delaware, thereafter operated as part of a conspiracy to defraud MPM, and this conspiracy is a sufficient ground for asserting personal jurisdiction over Fraidin. Fourth, MPM alleges HBD is the mere alter ego of Fraidin and jurisdiction is proper by "piercing the corporate veil." Fifth, MPM attacks the fiduciary shield doctrine which otherwise would insulate Fraidin from being sued in Delaware where his sole contacts with Delaware have been on behalf of HBD.

> FN6. Plaintiffs are seeking to add these other entities as defendants in a Third Amended Complaint. That Motion to File a Third Amended Complaint remains pending before this court.

A. Jurisdiction under 10 Del. C. § 3114.

Section 3114 requires that, in order to obtain jurisdiction over corporate directors, the suit must concern acts performed in their directorial capacities. [FN7]

> FN7. *Armstrong v. Pomerance*, 423 A.2d 174, 175 (Del.1980).

The court finds in the case at bar, the allegedly fraudulent actions involved Fraidin acting as an individual and not in his directorial capacity. The allegedly fraudulent actions, therefore, are not related to his status as a director of HBD. Therefore, personal jurisdiction is improper under 10 Del. C. § 3114.

B. Jurisdiction under 10 Del. C. § 3104.

*2 Section 3104 provides personal jurisdiction in Delaware courts over nonresidents based on acts performed within the state. The analysis of whether jurisdiction is proper under § 3104 requires a two-part analysis. First, does § 3104 authorize service? Second, if service is authorized, are constitutional due process requirements satisfied? [FN8] These two tests are independent. [FN9] There must first be an analysis of whether service is authorized under § 3104 and then a due process analysis. [FN10]

> FN8. *Wright*, 768 A.2d at 527.
>
> FN9. *Id.*
>
> FN10. *Id.*

1. Whether service is authorized.

It is clear that mere ownership of stock in a Delaware corporation is insufficient to establish jurisdiction over a majority or sole shareholder. [FN11] The act of incorporation *may* constitute a transaction sufficient for the purposes of satisfying § 3104(c)(1). [FN12] The act of incorporation is sufficient to confer personal jurisdiction, however, only if the claims at issue are related to the act of incorporation [FN13] or are based upon Delaware corporate law. [FN14]

> FN11. *Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).
>
> FN12. *Papendick v. Bosch*, 410 A.2d 148, 152 (Del.1979).
>
> FN13. *Id.*
>
> FN14. *Outokumpu Engineering Enterprises, Inc. v. Kvaerner Enviropower, Inc.*, 685 A.2d 724, 728 (Del.Super.1996).

The court finds that HBD was incorporated in 1999. The contract under which MPM is suing was formed in 2001. The court finds no basis to support the contention HBD was incorporated with the intent to defraud MPM since it was formed nearly two years prior to the formation of the contract at issue. The court concludes there is no basis to authorize service upon Fraidin under § 3104.

2. Whether due process is violated.

Assuming *arguendo* that service was proper under § 3104 (based on the act of incorporation constituting a sufficient act to authorize service), MPM would still have to establish that the exercise of personal jurisdiction over Fraidin by this court would not offend "traditional notions of fair play and substantial justice." [FN15] MPM must show that Fraidin had such minimum contacts with Delaware that he can be shown to have "purposely availed" himself of the privilege of conducting activities in Delaware and reasonably should have anticipated being haled into a Delaware court. [FN16]

> FN15. *Sternberg v. O'Neil*, 550 A.2d 1105, 1109 (Del.1987) (internal citation omitted).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN16. See *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The court finds there are insufficient contacts with Delaware by Fraidin to satisfy this requirement. The contract at issue was formed in Massachusetts, Fraidin lives in Maryland, HBD has its primary place of business in Maryland, and none of the allegedly fraudulent activity took place within Delaware. The court concludes Fraidin's due process rights would be violated by an assertion of personal jurisdiction over him by this court. The court thus finds MPM has met neither test under § 3104, and concludes there is no basis for asserting personal jurisdiction over Fraidin under 10 Del. C. § 3104.

C. Jurisdiction under a conspiracy theory.

Civil conspiracy can be a ground for asserting personal jurisdiction over a defendant who otherwise is not amenable to suit under § 3104. [FN17] In order to establish jurisdiction, the plaintiff must show that: (1) a conspiracy existed, (2) the defendant was a member of that conspiracy, (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state, (4) the defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state, and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy. [FN18] Delaware courts have consistently held that this five-part test is a strict one with a narrow scope. [FN19] Plaintiffs must assert specific factual evidence to show that the nonresident defendant was a conspirator and that a substantial wrongful act in furtherance of the conspiracy took place in Delaware in order to establish jurisdiction. [FN20]

FN17. *Instituto Bancario Italiano SpA v. Hunter Eng'g Co., Inc.*, 449 A.2d 210, 225 (Del.1982).

FN18. *Id.*

FN19. *Id., see also Hercules, Inc. v. Leu Trust & Banking (Bahamas) Ltd.*, 611 A.2d 476, 482 n. 6 (Del.1992); *HMG/Courtland Props. Inc. v. Gray*, 729 A.2d 300, 307 (Del.Ch.1999); *Computer People, Inc. v. Best Int'l Group, Inc.*, 1999 WL 28819 at *5 (Del. Ch.).

FN20. *Computer People*, 1999 WL 28819 at *7.

*3 While MPM alleges the incorporation of HBD was a sufficient "substantial act" in furtherance of a conspiracy, the court holds otherwise. For the same reasons the act of incorporation is not sufficient to establish jurisdiction under 10 Del. C. § 3104, [FN21] the act of incorporation of HBD is insufficient to be a "substantial act" in furtherance of a conspiracy. Having found no substantial act in furtherance of a conspiracy occurred in Delaware, the court finds no basis for establishing personal jurisdiction over Fraidin under a conspiracy theory.

FN21. See discussion at B, *supra.*

D. HBD as Fraidin's alter ego.

The alter ego theory of jurisdiction is based on the premise that the contacts of a Delaware entity may be attributed to another person or entity if the Delaware entity is the mere alter ego of such other person or entity. [FN22] This theory permits courts to ignore corporate boundaries where fraud or inequity in the use of the corporate form is found. [FN23] This is generally termed "piercing the corporate veil."

FN22. *Fitzgerald v. Cantor*, 1998 WL 842316 at *2 (Del.Ch.); *Sears, Roebuck & Co. v. Sears plc*, 744 F.Supp. 1297, 1304 (D.Del.1990); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F.Supp. 260, 266 (D.Del.1989).

FN23. *Id.*

This court finds it cannot establish jurisdiction over Fraidin under an alter ego theory because this court lacks jurisdiction to "pierce the corporate veil." [FN24] As an equitable remedy, Delaware Court of Chancery has sole jurisdiction over actions to "pierce the corporate veil." [FN25]

FN24. *John Julian Constr. Co. v. Monarch Builders, Inc.*, 324 A.2d 208, 210 n. 1 (Del.1974); *Sonne v. Sacks*, 314 A.2d 194, 197 (Del.1973).

FN25. *Id.*

Even if this court had jurisdiction to "pierce the corporate veil," the court finds the record shows HBD is a legitimate business and not merely the alter ego of Fraidin. The court, therefore, cannot assert personal jurisdiction over Fraidin under an alter ego theory.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                Page 4
Not Reported in A.2d, 2004 WL 249581 (Del.Super.)
**(Cite as: 2004 WL 249581 (Del.Super.))**

E. Fiduciary shield doctrine.

The fiduciary shield doctrine prohibits acts performed by an individual, in his capacity as a corporate officer or employee, from serving as the basis for personal jurisdiction over that individual. [FN26] The "underpinning of this fiduciary shield doctrine is the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." [FN27] There is an exception to the doctrine when the corporation is a mere shell for its owner. [FN28] The court in *Plummer* noted the standard for finding the corporation was a "mere shell" was more liberal than "normally applied in other contexts for piercing the corporate veil ." [FN29] However, the court in *Plummer* also noted the fiduciary shield doctrine was an *equitable* doctrine. [FN30]

> FN26. *Tristrata Technology, Inc. v. Neoteric Cosmetics, Inc.,* 961 F.Supp. 686, 690 (D.Del.1997).
>
> FN27. *Plummer & Co. Realtors v. Crisafi,* 533 A.2d 1242, 1246 (Del.Super.1987) (internal citation omitted).
>
> FN28. *Id.*
>
> FN29. *Id.* at 1247.
>
> FN30. *Id.* at 1246 (emphasis supplied).

This court finds, under the facts in the case at bar, that finding an exception to the fiduciary shield doctrine is indistinguishable from "piercing the corporate veil." Therefore, as discussed above in part D, this court does not have jurisdiction to find an exception to the fiduciary shield doctrine, as Delaware Court of Chancery has sole jurisdiction over equitable doctrines. The court finds, as well, that HBD is a legitimate business and, as noted in part D, not the mere alter ego of Fraidin. This court, therefore, does not have jurisdiction over Fraidin under an exception to the fiduciary shield doctrine.

V. CONCLUSION

*4 For the above reasons, this court finds it cannot exercise personal jurisdiction over defendant Brian Fraidin. Therefore, Fraidin's Motion to Dismiss is GRANTED.

Not Reported in A.2d, 2004 WL 249581 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.