IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK, ELAN SUISSE | ) | C.A. No. 06-275-GMS |
| INTERNATIONAL HOLDINGS (USA) LLC, | ) | |
| ELAN SUISSE (PTY) LTD., NICOGEL | ) | |
| LTD., JOHN WALTERS, DIANNE | ) | |
| MARSHALL and MERCARI FINANCIAL | ) | |
| SERVICES (PTY) LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-60-GMS |
| v. | ) | |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties to this action have determined that certain documents and information that have been produced or may be produced during discovery in this action should be kept confidential to protect legitimate interests of the parties; and

WHEREAS, the parties have determined that the disclosure of such confidential documents and information should be subject to this Stipulation and Order;

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the parties hereto, subject to the approval of the Court, that the disclosure and use of such documents and information shall be subject to the following limitations:

1.      Any of the parties, including their officers, directors, employees, parents, subsidiaries and affiliates ("Parties") or other producing person may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL any document to be produced to an opposing party, including (without limitation) any response to an interrogatory or request for admission, by labeling the document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," which shall constitute a representation by that Party that the document has been reviewed and that there is good cause for such designation.  Any of the Parties or any testifying person may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL any deposition testimony by so designating the testimony on the record of the deposition or by letter to the court reporter for the deposition.

2.      Subject to the terms of paragraphs 3 and 5 herein, documents and testimony designated CONFIDENTIAL and information derived from such materials may be disclosed only to (a) the Parties, (b) their counsel of record and the immediate employees of such counsel, (c) service vendors employed by the Parties' counsel, including outside copying services and outside litigation support services, (d) any consulting or testifying expert or investigator retained by the Parties, and (e) subject to paragraph 7, court personnel, court reporters, videographers, etc.

3.      Subject to the terms of paragraph 5 herein, documents and testimony designated CONFIDENTIAL and information derived from such materials may be disclosed to actual and potential witnesses if counsel for the disclosing party makes a good faith determination that disclosure is necessary for the purpose of this litigation.

4.      Subject to the terms of paragraph 6 herein, documents and testimony designated HIGHLY CONFIDENTIAL and information derived from such materials may be disclosed only to (a) counsel of record to the Parties and the immediate employees of such counsel, (b) service

vendors employed by the Parties' counsel, including outside copying services and outside litigation support services, (c) any consulting or testifying experts retained by the Parties, and (d) subject to paragraph 7, court personnel, court reporters, videographers, etc.

5.     No documents or testimony designated CONFIDENTIAL nor any information derived from such materials shall be disclosed to any third party other than those identified in paragraphs 2 and 3 above.  Before any disclosure of CONFIDENTIAL documents, testimony or other information, counsel for the disclosing party shall first obtain a signed undertaking from the person to receive such CONFIDENTIAL documents, testimony or other information, clearly identifying the name of such person and stating that such person will abide by the terms of this STIPULATION AND ORDER, and that such person consents to the personal jurisdiction of the United States District Court for the District of Delaware with respect to any proceeding to enforce such undertaking, and waives all objections to service of process, which undertaking is to be delivered to counsel for the party who designated the documents, testimony or other information CONFIDENTIAL.

6.     No documents or testimony designated HIGHLY CONFIDENTIAL shall be disclosed to any service vendors, consultants or testifying expert unless the party seeking to disclose such documents or information first obtains from such service vendor, consultant or expert a signed undertaking, clearly identifying the name of such person and stating that such service vendor, consultant or expert will abide by the terms of this STIPULATION AND ORDER, and that such service vendor, consultant or expert consents to the personal jurisdiction of the United States District Court for the District of Delaware with respect to any proceeding to enforce such undertaking, and waives all objections to service of process, which undertaking is

3

to be delivered to counsel for the party who designated the documents, testimony or other information HIGHLY CONFIDENTIAL.

7.     All documents and testimony that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, and any information derived from such documents and testimony, that are filed with the Court shall be filed under seal.

8.     Counsel for the Parties may render advice to their clients and rely generally upon examination of documents and testimony designated HIGHLY CONFIDENTIAL, but may not disclose to such clients any specific documents or testimony designated HIGHLY CONFIDENTIAL or any specific information contained in such materials to which their clients are not permitted access pursuant to paragraph 4.

9.     Inadvertent production or provision of any CONFIDENTIAL or HIGHLY CONFIDENTIAL document or testimony not designated as CONFIDENTIAL OR HIGHLY CONFIDENTIAL shall not constitute a waiver of any claim of confidentiality, and the producing person may subsequently designate the produced or provided material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

10.     In the event of a dispute between the Parties as to the propriety of designating any document and/or testimony as either CONFIDENTIAL or HIGHLY CONFIDENTIAL, either of the Parties may, after attempting to resolve the matter by agreement, apply to the Court for a ruling that certain documents or testimony designated CONFIDENTIAL or HIGHLY CONFIDENTIAL are not entitled to such protection. All filings pertaining to such a ruling shall be under seal.

11.    Notwithstanding any other provision of this Stipulation and Order, all materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and all information derived from such materials shall be used by the Parties solely for litigation purposes and not for any other purpose, including any business purpose.  Specifically, and without limitation, any document, testimony and/or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL may not be posted on the website www.elansuisse.co.za, or any other website owned, operated, sponsored or controlled by any party to this litigation.

12.    As the Court has not yet issued its ruling on the defendants' motion to dismiss in C.A. No. 06-265-GMS, the parties hereto further stipulate that the defendants, by filing this Stipulation and Order, do not waive the claims in their motion to dismiss, including (without limitation) their claim of lack of personal jurisdiction over them.

13.    The parties hereto agree to be bound by the terms of this Stipulation and Order pending its entry by the Court, and any violation of the terms of this Stipulation and Order shall subject the offender to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

/s/ Thad J. Bracegirdle
Thad J. Bracegirdle (DE Bar ID #3691)
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
Attorney for Robert D. Christ

/s/ David L. Finger
David L. Finger (De Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for Brett J. Cormick, Elan Suisse International Holdings (USA) Ltd., Elan Suisse (Lty) Ltd., Nicogel Ltd., John Walters, Dianne Marshall, Mercari Financial Services (Pty) Ltd. and Elan Suisse Ltd.


SO ORDERED this _____ day of _____, 2007.


_____
Sleet, J.