IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-275-GMS |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | |
| INTERNATIONAL HOLDINGS (USA) | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COUNTERCLAIMS

Plaintiff Robert D. Christ, by his undersigned counsel, hereby responds to defendants'

Counterclaims as follows:

1.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth

of the allegations of paragraph 1 of the Counterclaims and therefore leaves defendants to their

proof.  By way of further response, plaintiff avers that any allegations concerning defendants'

"opportunities" in the South African financial market are moot given the South African Financial

Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider

license.

2.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth

of the allegations of paragraph 2 of the Counterclaims and therefore leaves defendants to their

proof.  By way of further response, plaintiff avers that any allegations concerning defendants'

"opportunities" in the South African financial market are moot given the South African Financial

Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider

license.

3.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

4.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

5.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 (including subparagraphs 5(a), 5(b), 5(c) and 5(d)) of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

6.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial

Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

7.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

8.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

9.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

10.      Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants'

"opportunities" in the South African financial market are moot given the South African Financial

Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider

license.

11.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth

of the allegations of paragraph 11 of the Counterclaims and therefore leaves defendants to their

proof.  By way of further response, plaintiff avers that any allegations concerning defendants'

"opportunities" in the South African financial market are moot given the South African Financial

Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider

license.

12.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth

of the allegations of paragraph 12 of the Counterclaims and therefore leaves defendants to their

proof.  By way of further response, plaintiff avers that any allegations concerning defendants'

"opportunities" in the South African financial market are moot given the South African Financial

Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider

license.

13.    Plaintiff denies the allegations of paragraph 13 of the Counterclaims.

14.    Plaintiff denies the allegations of paragraph 14 of the Counterclaims.

15.    Plaintiff denies the allegations of paragraph 15 of the Counterclaims.

16.    Plaintiff denies the allegations of paragraph 16 of the Counterclaims.

17.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth

of the allegations of paragraph 17 of the Counterclaims and therefore leaves defendants to their

proof.

18.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

19.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

20.     Plaintiff denies the allegations of paragraph 20 of the Counterclaims.

21.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Counterclaims and therefore leaves defendants to their proof.

22.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

23.    In response to paragraph 23 of the Counterclaims, plaintiff admits that Cormick incorporated Elan Suisse (Pty) Ltd. on or about August 11, 2003.  Plaintiff denies all other allegations of paragraph 23 of the Counterclaims.

24.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

25.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

26.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

27.    Plaintiff denies the allegations of paragraph 27 of the Counterclaims.

28.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

29.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

30.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

31.    Plaintiff denies the allegations of paragraph 31 of the Counterclaims.

32.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Counterclaims and therefore leaves defendants to their proof.  By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial

Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

33.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Counterclaims and therefore leaves defendants to their proof.

34.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

35.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Counterclaims and therefore leaves defendants to their proof. By way of further response, plaintiff avers that any allegations concerning defendants' "opportunities" in the South African financial market are moot given the South African Financial Services Board's June 27, 2006 revocation of Elan Suisse (Pty) Ltd.'s financial service provider license.

36.    In response to paragraph 36 of the Counterclaims, plaintiff admits that, in January 2004, Cormick invited plaintiff to become involved in the purported Elan Suisse venture. Plaintiff further admits that he and Cormick already knew each other at the time Cormick made this invitation. Plaintiff denies all other allegations of paragraph 36 of the Counterclaims.

37.    In response to paragraph 37 of the Counterclaims, plaintiff admits that, in January 2004, he and Cormick met in Cape Town, South Africa while plaintiff was there to attend the

funeral of a close friend. Plaintiff further admits that, when he and Cormick met in Cape Town, they discussed plaintiff's potential involvement in the purported Elan Suisse venture if plaintiff invested in the venture. Plaintiff denies all other allegations of paragraph 37 of the Counterclaims. By way of further response, plaintiff avers that his CPA certification had lapsed years before his meeting with defendant Cormick in January 2004 and that Cormick was aware of that fact.

38.     Plaintiff denies the allegations of paragraph 38 of the Counterclaims.

39.     Plaintiff denies the allegations of paragraph 39 of the Counterclaims.

40.     Plaintiff denies the allegations of paragraph 40 of the Counterclaims.

41.     Plaintiff denies the allegations of paragraph 41 of the Counterclaims. By way of further response, plaintiff avers that his CPA certification had lapsed years before his meeting with defendant Cormick in January 2004 and that Cormick was aware of that fact.

42.     In response to paragraph 42 of the Counterclaims, plaintiff admits that, in February 2004, he and Cormick agreed that plaintiff would acquire 50% of the entity which ultimately would be Elan Suisse International Holdings (USA), LLC ("Elan Suisse USA") (as well as 50% of Elan Suisse (Pty) Ltd.) in consideration of an investment by plaintiff of $350,000. Plaintiff denies all other allegations of paragraph 42 of the Counterclaims.

43.     Plaintiff denies the allegations of paragraph 43 of the Counterclaims.

44.     Plaintiff denies the allegations of paragraph 44 of the Counterclaims.

45.     Plaintiff denies the allegations of paragraph 45 of the Counterclaims.

46.     Plaintiff denies the allegations of paragraph 46 of the Counterclaims.

47.     Plaintiff denies the allegations of paragraph 47 of the Counterclaims.

48.     In response to paragraph 48 of the Counterclaims, plaintiff admits that he began to prepare start-up operations for Elan Suisse USA in February 2004.  Plaintiff denies all other allegations of paragraph 48 of the Counterclaims.

49.     Plaintiff denies the allegations of paragraph 49 of the Counterclaims.

50.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Counterclaims and therefore leaves defendants to their proof.

51.     Plaintiff denies the allegations of paragraph 51 of the Counterclaims.

52.     Plaintiff denies the allegations of paragraph 52 of the Counterclaims.

53.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Counterclaims and therefore leaves defendants to their proof.

54.     In response to paragraph 54 of the Counterclaims, plaintiff admits that he and Cormick agreed that plaintiff would purchase 50% of Elan Suisse International Holdings (USA) LLC and 50% of Elan Suisse (Pty.) Ltd. for $350,000.  Plaintiff denies all other allegations of paragraph 54 of the Counterclaims.

55.     Plaintiff denies the allegations of paragraph 55 of the Counterclaims.

56.     In response to paragraph 56 of the Counterclaims, plaintiff admits that he undertook to prepare a web site for Elan Suisse International Holdings (USA) LLC and Elan Suisse (Pty) Ltd.  Plaintiff denies all other allegations of paragraph 56 of the Counterclaims.

57.     Plaintiff denies the last sentence of paragraph 57 of the Counterclaims.  Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 of the Counterclaims and therefore leaves defendants to their proof.

58.     Plaintiff denies the allegations of paragraph 58 of the Counterclaims.

59.     Plaintiff denies the allegations of paragraph 59 of the Counterclaims.

60.     To the extent paragraph 60 of the Counterclaims purports to describe an e-mail dated September 15, 2004, plaintiff respectfully refers to such document for the true and correct contents thereof. Plaintiff denies all other allegations of paragraph 60 of the Counterclaims.

61.     To the extent paragraph 61 of the Counterclaims purports to describe an e-mail dated September 17, 2004, plaintiff respectfully refers to such document for the true and correct contents thereof. Plaintiff denies all other allegations of paragraph 61 of the Counterclaims.

62.     Plaintiff denies the allegations of paragraph 62 of the Counterclaims.

63.     Plaintiff denies the allegations of paragraph 63 of the Counterclaims.

64.     Plaintiff denies the allegations of paragraph 64 of the Counterclaims.

65.     Plaintiff denies the allegations of paragraph 65 of the Counterclaims.

66.     Plaintiff denies the allegations of paragraph 66 of the Counterclaims.

67.     Plaintiff denies the allegations of paragraph 67 of the Counterclaims.

68.     Plaintiff denies the allegations of paragraph 68 of the Counterclaims.

69.     Plaintiff denies the allegations of paragraph 69 of the Counterclaims.

70.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Counterclaims and therefore leaves defendants to their proof.

71.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Counterclaims and therefore leaves defendants to their proof.

72.     Plaintiff denies the allegations of paragraph 72 of the Counterclaims.

73.     Plaintiff denies the allegations of paragraph 73 of the Counterclaims.

74.     Plaintiff denies the allegations of paragraph 74 of the Counterclaims.

75.     Plaintiff denies the allegations of paragraph 75 of the Counterclaims.

76.     Plaintiff denies the allegations of paragraph 76 of the Counterclaims.

77.     Plaintiff denies the allegations of paragraph 77 of the Counterclaims.

78.     Plaintiff denies the allegations of paragraph 78 of the Counterclaims.

79.     In response to paragraph 79 of the Counterclaims, plaintiff admits that, in November 2004, he retained an attorney in South Africa and initiated litigation in South Africa against Elan Suisse (Pty) Ltd. and Cormick.  Plaintiff denies all other allegations of paragraph 79 of the Counterclaims.

80.     Plaintiff denies the allegations of paragraph 80 of the Counterclaims.

81.     Plaintiff denies the allegations of paragraph 81 of the Counterclaims.

82.     Plaintiff denies the allegations of paragraph 82 of the Counterclaims.

83.     Plaintiff denies the allegations of paragraph 83 of the Counterclaims.

84.     Plaintiff denies the allegations of paragraph 84 of the Counterclaims.

85.     Plaintiff denies the allegations of paragraph 85 of the Counterclaims.

86.     Plaintiff denies the allegations of paragraph 86 of the Counterclaims.

87.     Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Counterclaims and therefore leaves defendants to their proof.

88.     To the extent paragraph 88 of the Counterclaims purports to represent a letter published in the Zimbabwean Press, plaintiff respectfully refers to such document for the true

and correct contents thereof.  Plaintiff denies all other allegations of paragraph 88 of the Counterclaims.

89.     Plaintiff denies the allegations of paragraph 89 (erroneously numbered 88) of the Counterclaims.

90.     In response to paragraph 90 of the Counterclaims, plaintiff admits that he wrote a letter to the Zimbabwean Financial Gazette in accordance with the terms of a settlement of claims against Elan Suisse (Pty) Ltd.  To the extent paragraph 90 purports to describe that letter, plaintiff respectfully refers to such document for the true and correct contents thereof.  Plaintiff denies all other allegations of paragraph 90 of the Counterclaims.

91.     In response to paragraph 91 of the Counterclaims, plaintiff admits that Julius Cobbett is a journalist who works for the reputable financial news publication Money Web. Plaintiff denies all other allegations of paragraph 91 of the Counterclaims.

92.     In response to paragraph 92 of the Counterclaims, plaintiff admits that Julius Cobbett published news reports concerning Elan Suisse and Cormick.  Plaintiff denies all other allegations of paragraph 92 of the Counterclaims.

93.     Plaintiff denies the allegations of paragraph 93 of the Counterclaims.

94.     In response to paragraph 94 of the Counterclaims, plaintiff admits that he created and maintains the www.elansuisse.co.za website.  Plaintiff denies all other allegations of paragraph 94 of the Counterclaims.

95.     To the extent paragraph 95 purports to describe the text of the www.elansuisse.co.za website, plaintiff respectfully refers to that website for the true and correct contents thereof.  Plaintiff denies all other allegations of paragraph 95 of the Counterclaims.

96.     Plaintiff denies the allegations of paragraph 96 of the Counterclaims.

97.    In response to paragraph 97 of the Counterclaims, plaintiff admits that he submitted an affidavit to authorities in Zimbabwe and, to the extent paragraph 97 purports to describe that affidavit, plaintiff respectfully refers to such document for the true and correct contents thereof. Plaintiff denies all other allegations of paragraph 97 of the Counterclaims.

98.    Plaintiff denies the allegations of paragraph 98 of the Counterclaims.

99.    Plaintiff denies the allegations of paragraph 99 of the Counterclaims.

100.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Counterclaims and therefore leaves defendants to their proof.

101.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Counterclaims and therefore leaves defendants to their proof.

102.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Counterclaims and therefore leaves defendants to their proof.

103.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Counterclaims and therefore leaves defendants to their proof.

104.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Counterclaims and therefore leaves defendants to their proof.

105.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 105 of the Counterclaims and therefore leaves defendants to their proof.

106.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Counterclaims and therefore leaves defendants to their proof.

107.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Counterclaims and therefore leaves defendants to their proof.

108.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 108 of the Counterclaims and therefore leaves defendants to their proof.

109.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Counterclaims and therefore leaves defendants to their proof.

110.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 110 of the Counterclaims and therefore leaves defendants to their proof.

111.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 111 of the Counterclaims and therefore leaves defendants to their proof.

112.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 112 of the Counterclaims and therefore leaves defendants to their proof.

113.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 113 of the Counterclaims and therefore leaves defendants to their proof.

114.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 114 (including subparagraphs 114(a) through 114(p)) of the Counterclaims and therefore leaves defendants to their proof.

115.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 115 of the Counterclaims and therefore leaves defendants to their proof.

116.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 116 of the Counterclaims and therefore leaves defendants to their proof.

117.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 117 of the Counterclaims and therefore leaves defendants to their proof.

118.    Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 118 of the Counterclaims and therefore leaves defendants to their proof.

119.    Plaintiff denies the allegations of paragraph 119 (including subparagraphs 119(a) through 119(i)) of the Counterclaims.

120. Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 120 of the Counterclaims and therefore leaves defendants to their proof.

121. Plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 121 of the Counterclaims and therefore leaves defendants to their proof.

122. Plaintiff denies the allegations of paragraph 122 of the Counterclaims.

123. Plaintiff reasserts and incorporates the responses of the foregoing paragraphs as if set forth fully herein.

124. Paragraph 124 of the Counterclaims states a conclusion of law to which no response is required. To the extent any response is required, plaintiff denies the allegations of paragraph 124 of the Counterclaims.

125. Paragraph 125 of the Counterclaims states a conclusion of law to which no response is required. To the extent any response is required, plaintiff denies the allegations of paragraph 125 of the Counterclaims.

126. Plaintiff denies the allegations of paragraph 126 of the Counterclaims.

127. Plaintiff denies the allegations of paragraph 127 of the Counterclaims.

128. Plaintiff denies the allegations of paragraph 128 of the Counterclaims.

129. Plaintiff denies the allegations of paragraph 129 of the Counterclaims.

130. Plaintiff reasserts and incorporates the responses of the foregoing paragraphs as if set forth fully herein.

131. Plaintiff denies the allegations of paragraph 131 of the Counterclaims.

132. Plaintiff denies the allegations of paragraph 132 of the Counterclaims.

133.    Plaintiff denies the allegations of paragraph 133 of the Counterclaims.

134.    Plaintiff denies the allegations of paragraph 134 of the Counterclaims.

135.    Plaintiff reasserts and incorporates the responses of the foregoing paragraphs as if set forth fully herein.

136.    Paragraph 136 of the Counterclaims states a conclusion of law to which no response is required.  To the extent any response is required, plaintiff denies the allegations of paragraph 136 of the Counterclaims.

137.    Plaintiff denies the allegations of paragraph 137 of the Counterclaims.

138.    Plaintiff reasserts and incorporates the responses of the foregoing paragraphs as if set forth fully herein.

139.    Plaintiff denies the allegations of paragraph 139 of the Counterclaims.

140.    Plaintiff denies the allegations of paragraph 140 of the Counterclaims.

141.    Plaintiff denies the allegations of paragraph 141 of the Counterclaims.

142.    Plaintiff denies the allegations of paragraph 142 of the Counterclaims.

143.    Plaintiff denies the allegations of paragraph 143 of the Counterclaims.

144.    Plaintiff denies the allegations of paragraph 144 of the Counterclaims.

145.    Plaintiff reasserts and incorporates the responses of the foregoing paragraphs as if set forth fully herein.

146.    Paragraph 146 of the Counterclaims states a conclusion of law to which no response is required.  To the extent any response is required, plaintiff denies the allegations of paragraph 146 of the Counterclaims.

147.    Plaintiff denies the allegations of paragraph 147 of the Counterclaims.

148.    To the extent paragraph 148 of the Counterclaims purports to describe Section 6 of the Operating Agreement, plaintiff respectfully refers to such document for the true and correct contents thereof.  Plaintiff denies all other allegations of paragraph 148 of the Counterclaims.

149.    To the extent paragraph 149 of the Counterclaims purports to describe Section 6.1 of the Operating Agreement, plaintiff respectfully refers to such document for the true and correct contents thereof.  Plaintiff denies all other allegations of paragraph 149 of the Counterclaims.

150.    To the extent paragraph 150 of the Counterclaims purports to describe Section 6.2 of the Operating Agreement, plaintiff respectfully refers to such document for the true and correct contents thereof.  Plaintiff denies all other allegations of paragraph 150 of the Counterclaims.

151.    To the extent paragraph 151 of the Counterclaims purports to describe Section 6.3 of the Operating Agreement, plaintiff respectfully refers to such document for the true and correct contents thereof.  Plaintiff denies all other allegations of paragraph 151 of the Counterclaims.

152.    To the extent paragraph 152 of the Counterclaims purports to describe Section 6.4 of the Operating Agreement, plaintiff respectfully refers to such document for the true and correct contents thereof.  Plaintiff denies all other allegations of paragraph 152 of the Counterclaims.

153.    Paragraph 153 of the Counterclaims states a conclusion of law to which no response is required.  To the extent any response is required, plaintiff denies the allegations of paragraph 153 of the Counterclaims.

## AFFIRMATIVE DEFENSES

1.      The Counterclaims fail to state a claim upon which relief can be granted.

2.      The Counterclaims are barred by the doctrines of laches, estoppel and/or waiver.

3.      The Counterclaims are barred by the doctrine of unclean hands.

4.      Any injury or damage to defendants was proximately caused solely by the negligence or fault of others than plaintiff, and plaintiff is not liable or responsible therefor.

5.      Plaintiff's conduct was not a substantial factor in bringing about the injuries or damages alleged in the Counterclaims.

6.      Defendants have failed to act reasonably to mitigate their damages and defendants' recovery is barred or reduced thereby.

7.      Defendants' injuries or damages, if any, were proximately caused by defendants' reasonable assumption of a known risk, and defendants' recovery is barred or reduced thereby.

8.      Defendants' injuries or damages, if any, were proximately caused by unforeseen, independent, intervening and/or superseding events or causes unrelated to plaintiff and plaintiff therefore bears no liability.

9.      The allegedly defamatory statements of which defendants complains were and are, each and all of them, in their natural and ordinary meaning, true in substance and in fact.

10.     Plaintiff did not publish the allegedly defamatory statements of which defendants complain with malice or reckless and/or negligent indifference as to the truth of those statements.

11.     Defendants' reputation for morality, integrity and honest dealing is and was notoriously bad and, accordingly, defendants could not be, and were not, injured or damaged by the allegedly defamatory statements.

12.     Plaintiff denies that defendants, prior to this action, had earned or maintained a good reputation.  To the contrary, by virtue of their actions, defendants are and were at all times relevant to this action parties of bad name, fame and reputation.

13.     Plaintiff was provoked to make the allegedly defamatory statements of which defendants complain by defendants' own wrongful and malicious acts.

14.     The Counterclaims must fail for lack of consideration.

15.     The Counterclaims are barred by the Statute of Frauds.

WHEREFORE, plaintiff respectfully requests that the Court:

A.     Dismiss the Counterclaims with prejudice;

B.     Enter judgment on the Counterclaims in plaintiff's favor and against defendants;

C.     Award plaintiff his costs and expenses, including reasonable attorneys' fees, incurred in defense of the Counterclaims; and

D.     Grant such other and further relief as the Court deems just and proper.

REED SMITH LLP


/s/ Thad J. Bracegirdle
Thad J. Bracegirdle (No. 3691)
1201 Market Street
Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Robert D. Christ

Dated:  August 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-275-GMS |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE | ) | |
| INTERNATIONAL HOLDINGS (USA) | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Thad J. Bracegirdle, hereby certify that on August 9, 2007, I caused a true and correct copy

of the foregoing *Answer to Counterclaims* to be served on counsel for defendants as listed below, via

electronic CM-ECF:

*Attorneys for Defendants:*

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE 19801-1155

Dated: August 9, 2007

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (No. 3691)

WILLIB-49001.1