IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC, | ) ) ) | C.A. No. 06-275-GMS |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM OF BRETT J. CORMICK, ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC AND ELAN SUISSE LTD. IN SUPPORT OF THEIR MOTION TO DETERMINE APPLICABLE LAW**

**I.      CHRIST'S CLAIMS.**

      **A.      CONTRACT CLAIMS.**

Christ has asserted two contract claims. The first is a claim of promissory estoppel, wherein he claims that he contracted with Cormick to receive an equity interest in the Elan Suisse business venture, paid $250,000 and somehow never received the equity interest (although such interest passes automatically, without the need for documentation. The second claim is for breach of

contract, where there was a second agreement whereby Cormick agreed to sell Christ's interest in Elan Suisse for him and after so doing return Christ's investment.

In his opening memorandum, Cormick pointed out that, as to the promissory estoppel claim, (i) negotiations occurred in South Africa, (ii) the business focused on the South African market, (iii) Christ's payment was made from Pennsylvania to London, (iv) the subject matter of the contract was an entity in Delaware (Cormick's position) or entities in Delaware and South Africa (Christ's position), and concluded that the weight of the facts tipped toward South Africa. (Cormick Opening Memorandum ("COM") 4-5).

As to the breach of contract claim, Cormick pointed out that under Delaware law the contract was formed in Zimbabwe, as that was where Christ's offer allegedly was accepted (an uncontradicted fact), and so Zimbabwe had the most significant relationship under Delaware law. (COM 5).

Christ asks this Court to ignore these uncontradicted facts and select Delaware as the jurisdiction having the most significant relationship to the transaction. Christ first argues that "Christ's contract claims simply cannot be separated from the underlying fraud perpetrated through the creation of Elan Suisse under Delaware law." (Christ Answering Brief ("CAB") 9). However, not only can the contract claims be separate from the fraud claim, they must be, as the claims are mutually exclusive.

Christ's contract claims assume the formation of a valid and enforceable contract between Christ and Cormick. The promissory estoppel claim assumes a valid contract to have Christ invest in Elan Suisse, with Christ claiming that Cormick did not fulfill his part of the bargain. The breach of contract claim also presumes a valid and enforceable investment contract, which was then

superseded by a new contract to have Cormick sell Christ's valid and enforceable equity interest and then refund Christ's investment.

By contrast, the fraud claim asserts that there never was a binding and enforceable investment agreement because Christ allegedly was induced to invest based on alleged false representations by Cormick.

There is nothing in the record to suggest that the formation of ESUSA was a material term of either the investment agreement or the liquidation agreement.[1] As such, Christ's effort to superimpose the formation of ESUSA into the choice of law analysis for the contract terms is merely a transparent and illogical effort to avoid the obvious conclusion that South Africa has the most significant relationship to the contract claims.

Christ next argues that, as a policy matter, Delaware has an interest in policing the use of Delaware entities. (CAB 11). Christ overstates the case. "Delaware does not have a significant and substantial interest in overseeing each and every tort and contract claim that may be asserted against the directors of a Delaware corporation no matter where the contract was made or performed or the tort occurred." *Pestolite, Inc. v. Cordura Corp.*, 449 A.2d 263, 267 (Del. Super. 1982). Christ's claims do not relate to the internal governance of ESUSA, and, indeed, Christ has not offered any authority to support the proposition that the "internal governance" rule mandates application of Delaware law to pre-formation contract disputes. As the formation of ESUSA in Delaware was entirely irrelevant to the contracts at issue (and there is nothing to the contrary in the record), and

---

[1] Indeed, there is no allegation or testimony that Christ's decision to invest was based on a representation that ESUSA would be formed in Delaware. Even if there were, as ESUSA was formed in Delaware, such representation was true, and therefore not fraudulent.

there is no suggestion in the record that Delaware law was ever in the contemplation of either of the parties at the time of contracting, it should not be given any weight as a consideration in the analysis.[2]

### B.    FRAUD.

In his opening memorandum, Cormick demonstrated that (i) Christ received any alleged false statements via e-mail in Pennsylvania, (ii) Christ relied on any alleged false statements in Pennsylvania, as that is where he withdrew funds and sent them to Cormick (deemed to be the most significant contact by the *Restatement of Torts*), (iii) any alleged injury to Christ occurred in Pennsylvania, as that is where he resided and kept his money. (COM 6-7).

Christ does not challenge any of these facts. Instead, he states that Cormick overlooks certain other contacts. First, he cites alleged misrepresentations made in South Africa. (CAM 14, citing Amended Complaint ¶¶15, 18). However, neither paragraph 15 nor paragraph 18 of Christ's Amended Complaint state that there were any false statements made in South Africa, much less what they were.

Moreover, although in his brief Christ tries to suggest oral statements, as Cormick pointed out in his opening brief, and not responded to by Christ, in an Interrogatory Cormick asked Christ to identify the alleged false statements, including when and where they were made. Christ did not identify any oral statements, and instead responded by citing Fed. R. Civ. P. 33(d), and referring Cormick to the now over 18,000 pages of documents he has produced without specifying which

---

[2] *Clark v. Kelly*, C.A. No. 16780, 1999 WL 458625, Jacobs, V.C. (Del. Ch., June 24, 1999), relied upon by Christ, is inapposite because the issue in that case was who were the proper managers of the limited liability company, an issue that clearly involves the internal affairs of the entity. Here, there is no such question, the issue being solely performance under alleged arms-length agreements.

documents respond to each such interrogatory, as is required by Rule 33(d). (COM 6 & Cormick Decl. ¶6 & Ex. 4). Christ still has not identified which documents answer the Interrogatory, and Christ has not introduced any documents with his brief to support his argument. He should not be allowed to play "cute" with the Court. In the absence of any proper evidence of any false statements made in South Africa, the Court should conclude that the only actions in the fraud claim significant to the present motion occurred in Pennsylvania.

Christ next relies on the formation of ESUSA in Delaware as the "central means by which Mr. Cormick perpetrated his fraud." (CAB 14). This ignores one key fact: ESUSA was formed *after* the alleged fraud. According to the Amended Complaint, the negotiations and representations occurred by early March. (Am. Compl. ¶18). ESUSA was formed March 15, 2005. (Am. Compl. ¶19).

At this stage, the burden is on Mr. Christ to prove the facts he wants to establish to obtain a decision in his favor on a choice of law. He has not alleged or established either that the alleged false statements were made after the formation of ESUSA, or that formation of ESUSA in Delaware (as opposed to anywhere generally[3]) was a material consideration in his decision to invest, or that ESUSA did something somehow after it was formed (beyond anything Cormick allegedly did before

---

[3] The lack of significance of Delaware is highlighted by the fact that Christ quotes sections of Cormick's counterclaim discussing the importance of a U.S. entity, as opposed to a Delaware entity. (CAB 15).

the fact) which lured him into investing.[4] As such, he has not offered anything that takes away from Pennsylvania as the most significant point of contact for Christ's fraud claim.

## II. CLAIMS OF CORMICK AND ESUSA.

### A. DEFAMATION.

In the opening memorandum, Cormick demonstrated that (i) his business was directed at South Africa, (ii) his business contacts were throughout South Africa, (iii) his professional reputation was established in South Africa, (iv) his professional reputation throughout South Africa was destroyed in South Africa. (COM 7-8). Moreover, ESRSA is a South African entity, designed to do business in South Africa, with no connection to Delaware.

Notwithstanding that all significant relationship contacts point to South Africa, and notwithstanding that Cormick has never been to Delaware, never done business in Delaware, and has no specific reputation in Delaware, and the ESRSA has no connection to Delaware at all, Christ makes the incredible claim that Delaware law should apply to the defamation claims.

Christ's main argument is that South African law will be less favorable to him than Delaware law. Not surprisingly, Christ has not offered any authority for the proposition that choice of law in multi-jurisdiction defamation claims is dependent on the convenience of the defamer.

Christ also argues that the U.S. Supreme Court has provided additional protections that South African law has not for speech involving matters of public interest. (CAB 20). This is incorrect, irrelevant, and demonstrates a fundamental misunderstanding of American defamation law.

---

[4] *SEC v. Kasser*, 548 F.2d 109 (3rd Cir.), *cert. denied*, 431 U.S. 938 (1977), cited by Christ, has no relevance whatsoever to this case, as it deals with federal subject matter jurisdiction in securities cases, and does not even involve Delaware entities, much less choice of law.

In *Rosenbloom v. Metromedia, Inc.*, 403 U.S. 29 (1971), Justice Brennan, joined by only two other members of the Court on this issue, rejected the public/private figure distinction as it related to First Amendment protection for defamation, and extended constitutional protection to speech about matters of "public or general concern." *Id.* at 52. That idea, however, was discarded three years later in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), where the Court reaffirmed the public/private figure distinction. Justice Brennan dissented, based on his views expressed in *Rosenbloom*. *Id.* at 361-69 (Brennan, J., dissenting). *See Wells v. Liddy*, 186 F.3d 505, 539 (4th Cir. 1999), *cert. denied*, 528 U.S. 1118 (2000).

Even assuming that the "public concern" doctrine still thrives in Delaware (and Christ has made no such showing[5]), it would not be applicable in this case. This case is centered on a private commercial dispute between two individuals. As such, it is not a matter of public interest or concern, even if Christ claims (as he does, CAB 23) that his website is designed to warn the world that what happened to him could happen to them. *Vern Sims Ford, Inc. v. Hagel*, 713 P.2d 736, 741 (Wash. App.), *review denied mem.*, 105 Wash.2d 1016 (Wash. 1986) (rejecting similar argument). Nor has Christ established that Cormick is a public figure. *See Jadwin v. Minneapolis Star & Tribune Company,* 367 N.W.2d 476, 486 (Minn. 1985) ("[w]hile the viability and investment potential of the Bond Fund was certainly a matter of public concern within the Star's circulation range, to hold, in effect, that soliciting public investment automatically transforms any small businessman into a public figure would, in our view, expand the category beyond the limits

---

[5] *See Gannet Co., Inc. v. Re*, 496 A.2d 553, 556-67 (Del. 1985) (noting that the U.S. Supreme Court has rejected the "public concern" test in defamation cases).

contemplated by *Gertz*"). As such, Christ's efforts to argue special protections under Delaware law is a red herring, as Christ is not entitled to such special protections.

Christ has taken a private commercial dispute and turned it into his personal international *jihad*. Christ chose to publish his defamatory fictions and delusions, about both the Elan Suisse project and about Cormick personally, including unsavory and false statements about his private life, marital life, etc., which have nothing to do with the dispute, for the entire world to see, solely for Christ's own misguided sense of vengeance. Having exposed his lies to all nations, he cannot now be heard to complain if he is subject to the laws of another country, even if less favorable to him. Cormick's work was in South Africa, his professional reputation was in South Africa. He had no work in Delaware and had not developed any reputation in Delaware. His injury, and ESRSA's injury, each was in South Africa, and it would be illogical to apply the law of any other jurisdiction for a remedy.[6]

### B. BREACH OF CONTRACT/DECLARATORY JUDGMENT CLAIM.

Cormick's breach of contract claim is that Christ, having become a member of ESUSA as a result of his investment, was bound by the terms of the operating agreement, which by its terms is governed by Zimbabwe law.

Cormick argued that, to the extent there is no conflict with the Delaware Limited Liability Company Act, the choice of law in the operating agreement, Zimbabwe, controls.

Christ did not respond to this argument, and so appears to concede the point.

---

[6] Christ's citation to *Doe v. Cahill*, 884 A.2d 451 (Del. 2005), is inapposite, as that case did not involve the issue of First Amendment protection for a defamation defendant, but instead the First Amendment right of an anonymous poster to retain anonymity, which involves an entirely different analysis.

## CONCLUSION

WHEREFORE, for the foregoing reasons, as well as the reasons stated in their opening memorandum, Brett J. Cormick, Elan Suisse International Holdings (USA), LLC and Elan Suisse Ltd. respectfully request that the Court enter an Order holding that:

1. Christ's promissory estoppel claim is governed by South African law;

2. Christ's breach of contract claim is governed by Zimbabwe law;

3. Christ's fraud claim is governed by Pennsylvania law;

4. Cormick's and ESRSA's defamation claims are governed by South African law; and

5. Cormick's breach of contract/declaratory judgment claim, to the extent it is not inconsistent with the Delaware's Limited Liability Company Act, is governed by Zimbabwe law.

Dated: September 19, 2007

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for Brett J. Cormick, Elan Suisse International Holdings (USA) LLC, and Elan Suisse Ltd.

**CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 19th day of September, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send electronic notification to the following counsel of record:

        Thad J. Bracegirdle, Esq.
        Reed Smith LLP
        1201 Market Street, Suite 1500
        Wilmington, DE 19801


        /s/ David L. Finger
        David L. Finger (DE Bar ID #2556)
        Finger & Slanina, LLC
        One Commerce Center
        1201 Orange Street, Suite 725
        Wilmington, DE 19801-1155
        (302) 884-6766