**FINGER & SLANINA, LLC**
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

November 13, 2007

**Via E-Filing**
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 King Street, Lock Box 19
Wilmington, DE 19801

    Re: **Christ v. Cormick**, *et al.*. C.A. No. 06-275-GMS
      **Elan Suisse Ltd. v. Christ**, C.A. No. 07-60-GMS

Dear Judge Sleet:

    Pursuant to D. Del. Local Rule 7.1.4, I write to request oral argument on Mr. Christ's motion for judgment on the pleadings. In the event that the Court grants the request, I also request that I be permitted to split my argument with Prof. Fletcher, who will handle the argument on the Alien Tort Claims Act, with me handling the balance of the argument.

    In the event that the Court is not inclined to grant argument, I, on behalf of Dr. Cormick, respectfully request that the Court allow me to respond in this letter to one key new point raised by Mr. Christ in his reply brief.

    Mr. Christ argues in his reply brief at page 9 that, notwithstanding the clear language of Federal Rule of Civil Procedure 9(b) that knowledge may be alleged generally, Dr. Cormick is obligated to allege specific facts from which knowledge can be inferred. Mr. Christ cites two cases for this proposition: *Devaney v. Chester*, 813 F.2d 866 (2nd Cir. 1987), and *In re TMJ Implants Prod. Liab. Litig*, 872 F.Supp. 1019 (D. Minn. 1995) (a fraud case, citing *Devaney)*.

    As to *Devaney*, it is a securities fraud case, and the federal courts in New York at the time applied a heightened pleading standard in those cases. *See CBS, Inc. v. Ahern*, 108 F.R.D. 14, 23 n.16 (S.D.N.Y. 1985).[1] The Second Circuit has noted that its rule is intended for fraud cases. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2nd Cir. 2006); *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2nd Cir. 1995). Outside of fraud cases, however, the Second Circuit does not apply this

---

[1] Subsequently, the United States Supreme Court held that, absent specific authorization in a statute or the Federal Rules of Civil Procedure, federal courts may not impose heightened pleading standards. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

The Hon. Gregory M. Sleet
November 13, 2007
2

rule. *See Phelps v. Kapnolas*, 308 F.3d 180, 186 (2nd Cir. 2002). As the present action is not a fraud case, the *Devaney* rule is inapposite.

   I further bring to the Court's attention that the *Devaney* rule is a minority rule, with the majority of courts that have addressed the issue concluding that the Second Circuit's approach in *Devaney* is inconsistent with the plain language of Federal Rule of Civil Procedure 9(b). *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1270 n.5 (10th Cir. 1989).

   Finally, on the topic, I respectfully refer the Court to *Johnson v. GEICO Cas. Co.*, C.A. No. 06-408-JJF, 2007 WL. 2812910, WL Op. at *6, Farnan, J. (D. Del. Sept. 27, 2007) (attached hereto as Exhibit A), where, in a fraud case, the Court found that, under Fed. R. Civ. P. 9(b), a conclusory allegation of knowledge was sufficient to withstand a motion to dismiss.

   As always, I am available at the convenience of the Court to answer any questions Your Honor may have.

                Respectfully,

                David L. Finger
                (DE Bar ID #2556)


cc: Clerk of the Court (via e-filing)
   Thad J. Bracegirdle, Esq. (via e-filing)



--- F.Supp.2d ----                                                                                          Page 1

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

Johnson v. GEICO Cas. Co.
D.Del.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Kerry JOHNSON and Sharon Anderson, on behalf of themselves and all others similarly situated, Plaintiffs,
v.
GEICO CASUALTY COMPANY, Geico General Insurance Company, and Geico Indemnity Company.
**Civil Action No. 06-408-JJF.**

Sept. 27, 2007.

**Background:** Insureds brought action in state court against automobile insurers, alleging breach of contract, bad faith, breach of duty of fair dealing, common law fraud, deceptive trade practices, and other claims, in connection with insurer's denial of personal injury protection (PIP) benefits. Action was removed to federal court. Insurers moved to dismiss, and insureds moved for leave to amend complaint.

**Holdings:** The District Court, Farnan, J., held that:

(1) District Court would defer its ruling on automobile insurers' motion to dismiss for lack of standing;

(2) allegations stated breach of contract claim;

(3) allegations were sufficient to plead fraud with particularity, for purpose of bad faith and breach of duty of fair dealing claims;

(4) allegations were sufficient to meet particularity requirements for pleading fraud under Delaware law;

(5) insureds could not maintain private cause of action under the Delaware Deceptive Trade Practices Act (DTPA);

(6) insureds could not maintain private cause of action under the Delaware Unfair Practices in the Insurance Business Act; and

(7) allegations did not state civil Racketeer Influenced and Corrupt Organizations Act (RICO) claim.

Motions granted in part, and denied in part.

**[1] Federal Civil Procedure 170A  828.1**

170A Federal Civil Procedure
　　170AVII Pleadings and Motions
　　　　170AVII(E) Amendments
　　　　　　170Ak828 Discretion of Court
　　　　　　　　170Ak828.1 k. In General. Most Cited Cases
The grant or denial of a motion to amend the pleadings is within the discretion of the court. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A  824**

170A Federal Civil Procedure
　　170AVII Pleadings and Motions
　　　　170AVII(E) Amendments
　　　　　　170Ak824 k. Time for Amendment in General. Most Cited Cases

**Federal Civil Procedure 170A  834**

170A Federal Civil Procedure
　　170AVII Pleadings and Motions
　　　　170AVII(E) Amendments
　　　　　　170Ak834 k. Injustice or Prejudice. Most Cited Cases

**Federal Civil Procedure 170A  851**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ---- Page 2

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(E) Amendments
            170Ak851 k. Form and Sufficiency of Amendment. Most Cited Cases
A motion for leave to amend the pleadings should be freely granted unless there is an apparent reason for denying a request such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[3] Federal Civil Procedure 170A ⚖1772**

170A Federal Civil Procedure
    170AXI Dismissal
        170AXI(B) Involuntary Dismissal
            170AXI(B)3 Pleading, Defects In, in General
                170Ak1772 k. Insufficiency in General. Most Cited Cases
Although a complaint does not need detailed factual allegations, in order to avoid dismissal on a motion to dismiss for failure to state a claim, the plaintiff has an obligation to provide the grounds of his entitlement to relief, and that obligation requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[4] Federal Civil Procedure 170A ⚖1828**

170A Federal Civil Procedure
    170AXI Dismissal
        170AXI(B) Involuntary Dismissal
            170AXI(B)5 Proceedings
                170Ak1827 Determination
                    170Ak1828 k. Time of Determination; Reserving Decision. Most Cited Cases
District Court would defer its ruling on automobile insurers' motion to dismiss for lack of standing insured's action for breach of contract and related claims, pending further discovery, where complaint treated all insurance companies as single entity, since they were all affiliates that marketed insurance products under same name, and it was unclear which insurer actually provided coverage for insureds. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[5] Federal Civil Procedure 170A ⚖175**

170A Federal Civil Procedure
    170AII Parties
        170AII(D) Class Actions
            170AII(D)2 Proceedings
                170Ak175 k. Time for Proceeding and Determination. Most Cited Cases
District Court would decline to address automobile insurers' arguments against class certification, in action alleging breach of contract and related claims, where insureds had not yet filed motion for class certification and had not yet conducted any discovery regarding the class certification issue. Fed.Rules Civ.Proc.Rule 23(a), 28 U.S.C.A.

**[6] Declaratory Judgment 118A ⚖5.1**

118A Declaratory Judgment
    118AI Nature and Grounds in General
        118AI(A) In General
            118Ak5 Discretion of Court
                118Ak5.1 k. In General. Most Cited Cases
The district court has discretion to decide whether or not to entertain a declaratory judgment action. 28 U.S.C.A. § 2201(a).

**[7] Contracts 95 ⚖326**

95 Contracts
    95VI Actions for Breach
        95k326 k. Grounds of Action. Most Cited Cases
Under Delaware law, to establish a claim for breach of contract, the plaintiff must demonstrate: (1) the existence of a contract, whether express or implied, (2) the breach of an obligation imposed by that contract, and (3) resulting damages to the plaintiff.

**[8] Insurance 217 ⚖3543**

217 Insurance
    217XXXI Civil Practice and Procedure
        217k3543 k. Grounds of Action. Most Cited Cases

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                    Page 3
--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

**Insurance 217 ⚷3571**

217 Insurance
    217XXXI Civil Practice and Procedure
        217k3571 k. Pleading. Most Cited Cases
Allegations by insureds that they entered into automobile insurance contracts with insurers, that the insurers denied them personal injury protection (PIP) benefits expressly provided in those contracts, and that insureds were harmed by the denial of PIP benefits, specifically by demands for payment from medical providers, referral of claims to collection agencies, and denial of medical care, stated claim for breach of contract against insurers, under Delaware law.

**[9] Insurance 217 ⚷1867**

217 Insurance
    217XIII Contracts and Policies
        217XIII(H) Relations Between Parties; Implied Terms
            217k1867 k. Good Faith and Fair Dealing. Most Cited Cases
Under Delaware law, insurance companies owe a duty of good faith and fair dealing to their insureds.

**[10] Federal Civil Procedure 170A ⚷636**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(A) Pleadings in General
            170Ak633 Certainty, Definiteness and Particularity
                170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
The purpose of federal rule of civil procedure requiring fraud claims to be pleaded with particularity is to provide defendants with notice of the precise nature of the claim against them, not to test factual allegations of the claim. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[11] Federal Civil Procedure 170A ⚷636**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(A) Pleadings in General
            170Ak633 Certainty, Definiteness and Particularity
                170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
Although date, place, and time allegations may fulfill the pleading with particularity requirements, these types of allegations are not necessarily required, so long as the circumstances of the alleged fraud are plead sufficiently to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[12] Federal Civil Procedure 170A ⚷636**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(A) Pleadings in General
            170Ak633 Certainty, Definiteness and Particularity
                170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
Allegations by insureds that automobile insurers responsible for payment of personal injury protection (PIP) benefits conducted an arbitrary bill reduction, without medical review or any accepted process or procedure, referring to some discrete medical bills that they contended were denied without medical or procedural review, and that insured made bill reductions based on medical opinions despite not having performed any medical evaluation of the insureds, were sufficient to plead fraud with particularity, for purpose of insureds' claims for bad faith breach of contract, and breach of duty of fair dealing, under Delaware law. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[13] Fraud 184 ⚷3**

184 Fraud
    184I Deception Constituting Fraud, and Liability Therefor
        184k2 Elements of Actual Fraud
            184k3 k. In General. Most Cited Cases
Under Delaware law, to state a claim for common law fraud, a plaintiff must allege: (1) a false representation made by the defendant, (2) the defendant knew that the representation was false,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                           Page 4

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

(3) the defendant intended the plaintiff to rely upon the false statement, (4) the plaintiff reasonably relied upon the false statement, to his detriment, and (5) damages resulted from that reliance.

**[14] Federal Civil Procedure 170A ⚷636**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(A) Pleadings in General
            170Ak633 Certainty, Definiteness and Particularity
                170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
Allegations by insureds that automobile insurers sold insurance policies to them with the express promise that its policies would save its insured money and that its policies would cover reasonable and necessary personal injury protection (PIP) benefits, that the policies contained misrepresentations of fact, that the policies provided PIP benefits, and that reasonable and necessary medical expenses, would be paid, that insurers knew that the representations were false, that insureds were induced by the representations to purchase insurance and pay premiums, and that insureds were injured as a result, were sufficient to meet particularity requirements for pleading common law fraud under Delaware law. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

**[15] Action 13 ⚷3**

13 Action
    13I Grounds and Conditions Precedent
        13k3 k. Statutory Rights of Action. Most Cited Cases

**Antitrust and Trade Regulation 29T ⚷290**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(E) Enforcement and Remedies
            29TIII(E)1 In General
                29Tk287 Persons Entitled to Sue or Seek Remedy
                    29Tk290 k. Private Entities or Individuals. Most Cited Cases

The Delaware Consumer Fraud Act (CFA) provides a private cause of action for violations by an insurance company. 6 Del.C. § 2513(a).

**[16] Action 13 ⚷3**

13 Action
    13I Grounds and Conditions Precedent
        13k3 k. Statutory Rights of Action. Most Cited Cases

**Antitrust and Trade Regulation 29T ⚷290**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(E) Enforcement and Remedies
            29TIII(E)1 In General
                29Tk287 Persons Entitled to Sue or Seek Remedy
                    29Tk290 k. Private Entities or Individuals. Most Cited Cases
Insureds could not maintain private cause of action against automobile insurers under the Delaware Deceptive Trade Practices Act (DTPA). 6 Del.C. §§ 2531, 2533(d).

**[17] Action 13 ⚷3**

13 Action
    13I Grounds and Conditions Precedent
        13k3 k. Statutory Rights of Action. Most Cited Cases

**Insurance 217 ⚷3379**

217 Insurance
    217XXVII Claims and Settlement Practices
        217XXVII(C) Settlement Duties; Bad Faith
            217k3378 Actions
                217k3379 k. In General. Most Cited Cases
Insureds who were denied benefits could not maintain private cause of action against automobile insurers under the Delaware Unfair Practices in the Insurance Business Act; the Act created an administrative remedy directing and empowering that Insurance Commissioner to investigate and discipline violators. 18 Del. C. §§ 2301 et seq.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                               Page 5

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

**[18]** Racketeer Influenced and Corrupt Organizations 319H ⚿16

319H Racketeer Influenced and Corrupt Organizations
    319HI Federal Regulation
        319HI(A) In General
            319Hk4 Racketeering or Criminal Activity
                319Hk16 k. Investment or Use of Funds Derived from Racketeering or Criminal Activity. Most Cited Cases

**Racketeer Influenced and Corrupt Organizations 319H ⚿63**

319H Racketeer Influenced and Corrupt Organizations
    319HI Federal Regulation
        319HI(B) Civil Remedies and Proceedings
            319Hk56 Persons Entitled to Sue or Recover
                319Hk63 k. Separate or Distinct Racketeering or Criminal Enterprise Injury. Most Cited Cases
To state a civil claim for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) section prohibiting use or investment of racketeering income, a plaintiff must allege (1) that the defendant received money from a pattern of racketeering activity, (2) invested that money in an enterprise, (3) the enterprise affected interstate commerce, and (4) an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves. 18 U.S.C.A. § 1962.

**[19]** Racketeer Influenced and Corrupt Organizations 319H ⚿75

319H Racketeer Influenced and Corrupt Organizations
    319HI Federal Regulation
        319HI(B) Civil Remedies and Proceedings
            319Hk68 Pleading
                319Hk75 k. Injury; Causation. Most Cited Cases
Allegations by insured that automobile insurers were an enterprise, or affiliate of an enterprise, that affected interstate commerce by the sale of automobile insurance, that the enterprise was ongoing, that insurers acted in capacities outside the alleged fraudulent activities, that insurers acted systematically, arbitrarily and unreasonably denied full payment of personal injury protection (PIP) benefits to insureds, and that they used the United States mail in furtherance of their scheme of unlawfully denying full PIP benefits, did not state civil claim for Racketeer Influenced and Corrupt Organizations Act (RICO) violations, absent allegations that insureds' injuries resulted from the investment of the income derived from the alleged racketeering activity. 18 U.S.C.A. § 1962.

Richard H. Cross, Jr., Esquire; Christopher P. Simon , Esquire; Kristen Healey Cramer, Esquire and Kevin S. Mann, Esquire of Cross & Simon, LLC, Wilmington, DE, for Plaintiffs.
George M. Church, Esquire and Laura A. Cellucci, Esquire of Miles & Stockbridge P.C., Baltimore, MD, Gary Alderson, Esquire; Dawn L. Becker, Esquire of The Law Offices of Dawn L. Becker, Wilmington, DE, for Defendants.

### *MEMORANDUM OPINION*
FARNAN, District Judge.
**\*1** Pending before the Court are Defendants' Motion To Dismiss For Failure To State A Claim (D.I.3), and Plaintiffs' Motion For Leave To Amend Complaint (D.I.11). For the following reasons, both Motions will be granted in part and denied in part.

### I. BACKGROUND

Plaintiffs Kerry Johnson and Sharon Anderson filed this action on behalf of themselves and all others similarly situated against Defendants GEICO Casualty Insurance Company ("GEICO Casualty"), GEICO General Insurance Company ("GEICO General"), and GEICO Indemnity Insurance Company ("GEICO Indemnity") (collectively, " Defendants") in the Superior Court of the State of Delaware in and for New Castle County. By their Complaint, Plaintiffs seek declaratory judgment that Defendants violated 21 *Del. C.* §§ 2118 and breached their automobile insurance contracts with Plaintiffs (Count I). Plaintiffs also assert claims for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                      Page 6

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

breach of contract (Count II); bad faith breach of contract (Count III); breach of the duty of fair dealing (Count IV); common law fraud (Count V); consumer fraud in violation 6 *Del. C.* § 2513 (Count VI); uniform deceptive trade practices in violation of 6 *Del. C.* § 2532 (Count VII); violations of 18 Del. C. § 2301 et seq. based on untrue, deceptive and misleading advertisements (Count VIII); and racketeering activity in violation of 18 U.S.C. § 1962 (Count IX). As relief, Plaintiffs request compensatory damages, punitive damages, treble damages, and reasonable attorneys' fees.

By their Complaint, Plaintiffs allege that Defendants have wrongly denied benefits under Personal Injury Protection ("PIP") coverage issued as part of Defendants' insurance contracts, without obtaining any independent medical or expert opinions to justify their decisions. Specifically Plaintiffs contend that Defendants systematically delay or deny full payment of PIP benefits to Delaware claimants, without any reasonable basis. They further allege that Defendants routinely fail to pay the PIP claims of Delaware claimants within the prescribed statutory period.

On June 27, 2006, Defendants removed this case from the Delaware Superior Court to this Court. Thereafter, Defendants filed the instant Motion To Dismiss. Plaintiffs responded with an Answering Brief in Opposition to the Motion and the pending Motion For Leave To Amend The Complaint (D.I.11).

## II. LEGAL STANDARDS

### A. *Plaintiffs' Motion To Amend Pursuant To Rule 15(a)*

[1][2]Rule 15(a) of the Federal Rules of Civil Procedure provides that, if a responsive pleading has already been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."*Fed.R.Civ.P.* 15(a). The grant or denial of a motion to amend is within the discretion of the Court. *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). However, the United States Supreme Court has cautioned that leave should be freely granted unless there is an apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Adams v. Gould, Inc.,* 739 F.2d 858 (3d Cir.1984).

### B. *Defendant's Motion To Dismiss Pursuant To Rule 12(b)(6)*

**\*2** [3] Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Although a complaint does not need detailed factual allegations, the plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief,' " and that obligation requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). To state a claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965.Stated another way, heightened fact pleading is not required, but enough facts must be alleged to state a claim to relief that is plausible on its face. *Id.* at 1974.In addition, the Court is not required to accept legal conclusions alleged or inferred from the pleaded facts. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.The burden of demonstrating that dismissal is appropriate rests on the movant.

## III. DISCUSSION

### A. *Plaintiffs' Motion For Leave To File Amended Complaint*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                           Page 7

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

By their Motion To Amend, Plaintiffs seek leave to supplement the factual allegations of the original Complaint, identify that Plaintiff Johnson contracted with GEICO Indemnity while Plaintiff Anderson contracted with Government Employees Insurance Company, and add three additional corporate defendants, Government Employees Insurance Company, Criterion Insurance Agency, and Colonial County Mutual Insurance Company. (D.I.11).

Defendants do not object to the factual amendments proposed by Plaintiffs and do not object to the addition of Government Employees Insurance Company as a defendant. However, Defendants contend that Plaintiffs lack standing to continue this lawsuit as it pertains to GEICO General or GEICO Casualty.[FN1] Specifically, Defendants contend that Plaintiffs never purchased PIP coverage from either GEICO General or GEICO Casualty, and therefore, Plaintiffs cannot establish any compensable injury or damage as a result of any breach of contract or omission by these defendants.

In their Reply Brief, Plaintiffs contend that they have standing to sue GEICO General and GEICO Casualty under the juridical link doctrine. Plaintiffs contend that all three companies, GEICO General, GEICO Casualty and GEICO Indemnity, are admitted or authorized to issue automobile insurance in Delaware. Plaintiffs further contend that all three companies are affiliates of Government Employees Insurance Company and that all three companies market their insurance products under the same name. Plaintiffs point out that all three companies are named on the correspondence to Plaintiffs concerning their PIP claims, and Plaintiffs contend that it is "at best, unclear at this juncture which party-if not each-is responsible for the administration of PIP benefits to Delaware insureds."(D.I. 21 at 5).

**\*3** In the alternative, Plaintiffs contend that Defendants, including GEICO General and GEICO Casualty, relied on their combined payments of PIP benefits to Delaware residents to justify the removal of this action to federal court. Thus, Plaintiffs contend that Defendants should not be permitted to " cast off parties they used to support their procedural maneuvering."(*Id.*)

[4] The Court has reviewed the parties' arguments in the context of the allegations of the Amended Complaint and concludes that dismissal for lack of standing is not warranted at this juncture. In reaching this conclusion, the Court does not base its rationale upon the juridical link doctrine. Courts considering that doctrine have concluded that it does not apply to questions of standing raised at the pleading stage. *See e.g., In re Franklin Mut. Funds Fee Litigation,* 388 F.Supp.2d 451, 462 n. 7 (D.N.J.2005) (collecting cases). Instead, the juridical link doctrine is most appropriately considered in the context of class certification analysis under Federal Rule of Civil Procedure 23. *Id.* Rather, the Court decision to defer ruling on the question of standing is premised on the need for further discovery. Plaintiffs' Amended Complaint appears to treat all GEICO Defendants as a single entity. As Plaintiffs point out, all these companies are affiliates who market their insurance products under the same name, and it is unclear to the Court what role each entity plays with respect to the allegations of the Complaint. Accordingly, the Court concludes that discovery on the issue of standing is warranted before the Court entertains the question of whether GEICO General and GEICO Casualty should be dismissed from this action.

In sum, the Court will grant Plaintiffs' Motion For Leave To Amend to the extent that it seeks to supplement the facts alleged and add Government Employee Insurance Company as a defendant. The Motion will be denied as moot to the extent that it seeks to add Criterion Insurance Agency and Colonial Mutual Insurance Company as defendants. The issue of standing will be addressed after discovery in the context of summary judgment proceedings.

B. *Defendants' Motion To Dismiss The Complaint*

By their Motion, Defendants request dismissal of the Amended Complaint on two grounds. First, Defendants contend that the Amended Complaint must be dismissed because Plaintiffs fail to allege, and will never be able to sufficiently allege, the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                    Page 8

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

required class action criteria pursuant to Fed.R.Civ.P. 23(a). Second, Defendants contend that Plaintiffs have failed to state a claim pursuant to the requirements of Federal Rules of Civil Procedure 12(b)(6) and 9(b).

[5] At this juncture, Plaintiffs have not filed a motion for class certification and have not conducted any discovery regarding the class certification issue. Given the early stage of this proceeding, the Court concludes that Defendants' arguments under Rule 23 are premature, and therefore, the Court declines to address Defendants' class certification arguments at this time. Accordingly, the Court will deny Defendants' Motion to dismiss as it pertains to Rule 23, with the understanding that such issues will be taken up by the Court in the context of class certification proceedings. The Court will address each of Defendants' remaining arguments in turn.

1. Count I-Declaratory Judgment

**\*4** Plaintiffs seek a declaratory judgment that Defendants violated 21 *Del. C.* § 2118 and breached their contracts with their policy holders. *Id.* Defendants contend that dismissal of this claim is warranted, because it is subsumed into Plaintiffs' other substantive claims. Defendants also contend that the Amended Complaint fails to identify the specific justiciable controversy that requires relief.

[6] The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (1994). The Court has discretion to decide whether or not to entertain a declaratory judgment action. *See e.g., Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (citing *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

The Court has reviewed Plaintiffs' Amended Complaint and concludes that the allegations are sufficient to place Defendants on notice concerning the nature of their claim for declaratory relief. However, the Court acknowledges that there may be some overlap between Plaintiffs' substantive claims and their declaratory judgment claims. At this juncture, however, Plaintiffs remaining claims have not been fully developed, and therefore, the Court cannot fully evaluate the extent of the overlap so as to determine whether declaratory judgment would serve no useful purpose in clarifying the legal rights and relationships at issue. Accordingly, the Court will deny Defendants' Motion To Dismiss as it pertains to Plaintiffs' declaratory judgment claims alleged in Count I.

2. Count II-Breach of Contract

Defendants next contend that dismissal of Count II is warranted because Plaintiffs have failed to identify which of the three Defendants insured them or which sections of the insurance contracts at issue were breached. Defendants also contend that dismissal of this count is required because Plaintiffs cannot demonstrate actual damages flowing from Defendants' alleged breach of contract.

[7][8] To establish a claim for breach of contract, the plaintiff must demonstrate: (1) the existence of a contract, whether express or implied, (2) the breach of an obligation imposed by that contract, and (3) resulting damages to the plaintiff. *VLIW Tech., LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 612 (Del.2003). Here, Plaintiffs allege a breach of the insurance contracts between Defendants and themselves for the delay, reduction and/or denial of PIP benefits. Specifically, Plaintiffs allege that (1) they entered into contracts with Defendants GEICO Indemnity and Government Employees Insurance Company; (2) Defendants denied PIP benefits expressly provided in those contracts, and (3) Plaintiffs have been harmed by these breaches. As to the third element, Plaintiffs have alleged specific damages resulting from Defendants' alleged breach, such as demands for payment, referral of claims to collection agencies, and denial of medical care. Moreover, Plaintiffs have alleged that they have been deprived of the benefit of the insurance coverage for which they contracted and paid. In light of these contentions, the Court concludes that Plaintiffs have sufficiently pled the requirements for a breach of contract claim so as to withstand

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                    Page 9

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

dismissal. Accordingly, the Court will deny Defendants' Motion To Dismiss as it pertains to Plaintiffs' breach of contract claim alleged in Count II.

### 3. Counts III and IV-Bad Faith Breach of Contract, Breach of the Duty of Fair Dealing

**\*5** Defendants request dismissal of Counts III and IV on the grounds that Plaintiffs' Amended Complaint fails to comply with the requirements of Rule 9(b). Defendants contend that Counts III and IV are based on allegations of fraud, and therefore, Plaintiffs are required to plead these claims with particularity.

[9]"Under Delaware law, insurance companies owe a duty of good faith and fair dealing to their insureds."*Crowthorn v. Nationwide Mut. Ins. Co.,* 2001 Del.Super. LEXIS 358, \*13 (Jan 16, 2001)." The standard by which the duties of good faith and fair dealing are evaluated is whether the insurance company acted with 'reasonable justification' in dealing with the insureds."*Id* .

[10][11] In pertinent part, Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."Fed.R.Civ.P. 9(b). The purpose of Rule 9(b) is to provide defendants with notice of the precise nature of the claim against them, not to test factual allegations of the claim. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984). Although date, place and time allegations may fulfill the pleading with particularity requirements, these types of allegations are not required to satisfy Rule 9(b), so long as the circumstances of the alleged fraud are plead sufficiently "to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."*Id* .

[12] The Court has reviewed the allegations of the Amended Complaint in light of this standard and the substantive requirements of the claims and concludes that the allegations are sufficient to satisfy the requirements of Rule 9(b). Plaintiffs allege that Defendants conduct an arbitrary bill reduction, "without medical review or any accepted process or procedure."(D.I. 9 at 24). Plaintiffs have referred to at least some discrete bills of Plaintiff Johnson and Plaintiff Anderson that they contend were denied without medical or procedural review. Plaintiffs further allege that Defendants make bill reductions based on "medical opinions" despite not having performed any medical evaluation of the insured. Because the Court concludes that these allegations are sufficient to withstand dismissal at this juncture, the Court will deny Defendants' Motion as it pertains to Plaintiffs' claims for bad faith breach of contract and breach of the duty of fair dealing as set forth in Counts III and IV of the Amended Complaint.

### 4. Count V-Common Law Fraud

[13] Defendants also seek dismissal of Plaintiffs' common law fraud claim for failure to plead with specificity as required by Rule 9(b). To state a claim for common law fraud, a plaintiff must allege: (1) a false representation made by the defendant; (2) the defendant knew that the representation was false; (3) the defendant intended the plaintiff to rely upon the false statement; (4) the plaintiff reasonably relied upon the false statement, to his detriment; and (5) damages resulted from that reliance. *Stephenson v. Capano Development, Inc.,* 462 A.2d 1069, 1074 (Del.1983).

**\*6** [14] The Court has reviewed the allegations of the Amended Complaint in light of Rule 9(b) and the substantive requirements for pleading fraud and concludes that the allegations are sufficient to withstand dismissal at this juncture. Plaintiffs allege that Defendants sold policies to insureds "with the express promise that its policies would save its insured money and that its policies would cover reasonable and necessary claims submitted by PIP." Plaintiffs go on to state that the insurance contracts " contained representations of fact. Among them was the representation mandated by 21 *Del. C*. 2118 and 2118B-that covered PIP benefits, including

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                               Page 10

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

reasonable and necessary medical expenses, would be paid."Plaintiffs plead additional implied representations of fact, and further plead that these representations were false, that Defendants knew that they were false, that Plaintiffs were induced to purchase insurance and pay their premiums as a result of these representations, and that Plaintiffs were injured. Accordingly, the Court will deny Defendants' Motion to the extent that it seeks dismissal of Plaintiffs' claim for common law fraud set forth in Count V.

### 5. Count VI-Consumer Fraud

In addition to requesting dismissal of Plaintiffs' consumer fraud count on Rule 9(b) grounds, Plaintiffs also contend that the Delaware Consumer Fraud Act ("CFA") only applies to "merchandising practices." Because Plaintiffs' claims concern the claims handling practice, Defendants contend that the CFA is inapplicable.

[15] In pertinent part, the Delaware Consumer Fraud Act provides that:
any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

6 *Del. C.* § 2513(a). The CFA provides a private cause of action for violations by an insurance company. *Eames v. Nationwide Mut. Ins. Co.,* 412 F.Supp.2d 431 (D.Del.2006) (citations omitted). The Delaware Supreme Court has interpreted this act consistently with common law definitions and principles related to fraud and deceit with the following three exceptions: "(1) 'a negligent misrepresentation is sufficient to violate the statute,' (2) a violation of the statute 'is committed regardless of actual reliance by the plaintiff,' and (3) the plaintiff need not show 'intent [by the defendant] to induce action or inaction by the plaintiff.' " *Id.* (quoting *Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069, 1074 (Del.1983)). In addition, this Court has concluded that the requirements of Rule 9(b) apply to claims brought under the CFA. *Homsey v. Vigilant Ins. Co.,* 496 F.Supp.2d 433, (D.Del.2007).

Reviewing the allegations of the Amended Complaint in light of the requirements of Rule 9(b) and the substantive requirements of the CFA, the Court concludes that the allegations of Plaintiffs' Amended Complaint are sufficient to withstand dismissal. Like the claims here, the claims in *Homsey* concerned the manner in which the insured's claims were processed. Further, Plaintiffs here have made allegations related to the sale and merchandising of the insurance contracts, including that Plaintiffs were induced into purchasing these contracts by the alleged misrepresentations. Plaintiffs CFA claims are based on the same allegations supporting their claims of common law fraud and bad faith breach of contract and the Court has concluded that those claims are sufficiently pled. Accordingly, the Court will deny Defendants' Motion as it pertains to Plaintiffs' claims under the CFA.

### 6. *Count VII-Uniform Deceptive Trade Practices Act*

**\*7** [16] Defendants contend that the Delaware Deceptive Trade Practices Act, 6 *Del. C.* §§ 2531 et seq. ("DTPA") does not provide for a private cause of action, and therefore, the Court should dismiss Count VII of Plaintiffs' Amended Complaint. In response, Plaintiffs contend that this count should not be dismissed because the DTPA redresses harm to "individual retail purchasers and consumers of goods, services or merchandise," and therefore, the DTPA applies to both vertical and horizontal relationships. 6 *Del. C.* § 2533(d); *see also Brady v. Fallon,* No. 96A-12-010-RRC, 1998 WL 283438, \*4 (Del.Super.1998).

Delaware Courts have routinely held that the DTPA does not create a cause of action for individual consumers. *See Ewing v. Bice,* 2001 Del.Super. LEXIS 278, \*20-21 (Del.Super.Ct.2001); *Wright v. Dumizo,* 2002 Del.Super. LEXIS 271 (Del.Super.Ct.2002); *Grand Ventures, Inc. v.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                      Page 11

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

*Whaley,* 632 A.2d 63 (Del.1993). Plaintiffs' citation to *Fallon* is inapposite because *Fallon* concerned an action brought by the Attorney General of the State of Delaware. Accordingly, the Court concludes that Plaintiff cannot maintain a private cause of action under the DTPA, and therefore, the Court will dismiss Count VII.

### 7. *Count VIII-Unfair Practices In The Insurance Business*

[17] Defendants also contend that dismissal of Count VIII is required because a private cause of action does not exist under the Unfair Practices in the Insurance Business Act, 18 *Del. C.* §§ 2301 *et seq.* ("UPIB"). In their Amended Complaint, Plaintiffs have alleged violations of Sections 2304(1), (2), and (16) of the UPIB.

After reviewing the applicable statutory language and case law, the Court concludes that the UPIB does not provide for a private cause of action. The UPIB describes numerous prohibited acts, and then empowers the Insurance Commissioner to investigate and determine whether an insurer has engaged in any prohibited behavior. 18 *Del. C.* § 2306. The Commissioner is further empowered to, among other things, prosecute violations of the UPIB, hold hearings, issue cease and desist orders, issue monetary penalties against violators, and suspend and/or revoke a violator's licence. *Id.* at §§ 2307-2308. Moreover, any person subject to an order of the Commissioner, or with a pecuniary interest affected by the Commissioner's failure or refusal to hold a hearing on a matter, may appeal to the Delaware Court of Chancery. *Id.* at § 2309. In the Court's view, these provisions, taken as a whole, suggest that the legislature did not intend to create a private cause of action under the UPIB, but rather intended for the statute to create an administrative remedy directing and empowering the Insurance Commissioner to investigate and discipline violators. The Court's conclusion is consistent with the conclusion reached by the Delaware Superior Court in considering whether private causes of action may be brought under various sections of the UPIB. *See e.g., Moses v. State Farm Fire & Casualty Ins. Co.,* 1991 WL 269886 (Del.Super.Nov.20, 1991). Accordingly, the Court will dismiss Count VIII of the Amended Complaint.

### 8. *Count IX-Racketeering Activity*

**\*8** Defendants request dismissal of Count IX on the grounds that Plaintiffs have failed to meet the pleading with particularity requirement of Rule 9(b). Based on the allegations of the Amended Complaint, it appears to the Court that Plaintiffs' racketeering claim is premised upon 18 U.S.C. § 1962(a).

[18] In pertinent part, Section 1962 provides:
It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

To establish a claim under this Section, a plaintiff must allege (1) that the defendant received money from a pattern of racketeering activity; (2) invested that money in an enterprise; (3) the enterprise affected interstate commerce; and (4) an injury resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves. *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153 (3d Cir.1993). The causation requirement is particularly important because Section 1962 is specifically directed at the use or investment of racketeering income, and therefore, the plaintiff's injury must be caused by the use or investment of income in the enterprise. *Id.* (citing *Brittingham v. Mobil Corp.,* 943 F.2d 297, 303 (3d Cir.1991).

[19] Reviewing the allegations of the Amended Complaint in light of the substantive requirements of the claim and Rule 9(b), the Court concludes that Plaintiffs have sufficiently alleged all but the last element required for a Section 1962 claim. Plaintiffs have alleged that Defendants are an enterprise, or affiliate of an enterprise, that affects

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                                      Page 12

--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)
**(Cite as: --- F.Supp.2d ----)**

interstate commerce by the sale of automobile insurance in Delaware. Plaintiffs have alleged that the enterprise is ongoing and that Defendants have acted in capacities outside the alleged fraudulent activities. Plaintiffs have also alleged that Defendants have systematically, arbitrarily and unreasonably denied full payment of PIP benefits to Plaintiffs, and that they have used the United States mail in furtherance of their "scheme of unlawfully denying full PIP benefits" by marketing their insurance products, collecting premiums from their customers and dealing with claims. However, Plaintiffs have not alleged that their injuries resulted from the investment of the income derived from the alleged racketeering activity. Accordingly, the Court will dismiss Count IX of the Amended Complaint without prejudice and grant Plaintiffs leave to file a Second Amended Complaint so as to state a claim under Section 1962.

### IV. CONCLUSION

For the reasons discussed, the Court will grant Defendants Motion To Dismiss to the extent that it seeks dismissal of Counts VII, VIII, and IX of the Amended Complaint, and deny the Motion To Dismiss in all other respects. At this juncture, the Court will also grant Plaintiffs' Motion For Leave To Amend The Complaint to the extent that it seeks to add certain factual allegations and add Government Employee Insurance Co. as a defendant. The Motion will be denied as moot to the extent that it seeks to add seeks to add Criterion Insurance Agency and Colonial County Mutual Insurance Company as defendants. The Amended Complaint shall be deemed filed. Plaintiffs will be given twenty days leave to file a Second Amended Complaint. If a Second Amended Complaint is not filed, the Court will proceed with this action on the basis of Counts I through VI of the Amended Complaint.

**\*9** An appropriate Order will be entered.

### ORDER

At Wilmington this 27th day of September 2007, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS ORDERED that:

1. Plaintiffs' Motion For Leave To File Amended Complaint (D.I.11) is ***GRANTED*** to the extent that it seeks to supplement the facts alleged and add Government Employee Insurance Company *as a* defendant, *and****DENIED*** as moot to the extent that it seeks to add Criterion Insurance Agency and Colonial County Mutual Insurance Company as defendants.

2. Defendants' Motion To Dismiss For Failure To State A Claim (D.I.3) is ***GRANTED*** with respect to Counts VII, VIII, and ***DENIED*** in all other respects.

3. The Amended Complaint is deemed filed.

4. Plaintiff is given leave to file a Second Amended Complaint within **twenty days** of the date of this Order. If a Second Amended Complaint is not filed, the Court will proceed with this action on the basis of Counts I through VI of the Amended Complaint.

> FN1. Defendants also contend that Plaintiffs lack standing to sue Criterion Insurance Agency and Colonial County Mutual Insurance Company. However, Plaintiffs have agreed, in their Reply Brief, not to pursue this action against those defendants.

D.Del.,2007.
Johnson v. GEICO Cas. Co.
--- F.Supp.2d ----, 2007 WL 2812910 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.