

# FINGER & SLANINA, LLC
## ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

February 7, 2008

**Via e-filing and hand-delivery**
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 King Street, Lock Box 19
Wilmington, DE 19801

    Re: **Christ v. Cormick**, *et al.*. C.A. No. 06-275-GMS
           **Elan Suisse Ltd. v. Christ**, C.A. No. 07-60-GMS

Dear Judge Sleet:

    I am writing on behalf of the defendants in C.A. No. 06-275-GMS and the plaintiff in C.A. No. 07-60-GMS (collectively, "Movants") to request a teleconference to discuss an extension of discovery and a continuance of the trial date in the above-referenced actions. I make this request by letter at the suggestion of Ms. Tyer-Daly, who recommended that this was the best way to bring this issue to the Court's attention.

    The reasons for the request for an extension of discovery and a continuance of the trial date are as follows:

    1.    Mr. Christ has not fulfilled his discovery obligations in a timely fashion. The Court held a discovery teleconference on October 3, 2007, at which time the Court instructed Mr. Christ to respond fully and properly to Movants' discovery requests. As of the date of this letter, over four months after the discovery teleconference, Christ still has not provided the information and documents, despite repeated requests by Movants.

    In late November the parties stipulated to extend the discovery and dispositive motion deadline to today, February 7, 2008. (D.I. 71, 73). Movants expected that Mr. Christ would promptly produce his updated discovery responses, and that Movants would thereafter have time to take follow-up discovery and depose Mr. Christ, and then bring any summary judgment motion in time to be decided prior to trial. That did not happen, as Mr. Christ never provided the discovery. Yesterday I received an e-mail from Mr. Christ's counsel, stating "While I can't provide a firm date,

The Hon. Gregory M. Sleet
February 7, 2008
2

I do expect to be able to supplement Mr. Christ's discovery shortly, perhaps within the next week or so."[1]

    2.    As set forth in Dr. Cormick's counterclaim, Mr. Christ caused Dr. Cormick (an Australian citizen who is a permanent resident of Zimbabwe) to be arrested and detained by the Zimbabwe police, which resulted in Dr. Cormick being tortured. Upon being released, Dr. Cormick left Zimbabwe to another country for his own safety. In so doing, he was required to turn over his passport to governmental authorities while his status in this new country is determined. Although Cormick expected the return of his passport by last November, thus far it has not been returned. Cormick has inquired about the status of the return of his passport, and has only been told that it is "in process." As such, the parties have not been able to schedule a deposition of Cormick in the United States, and until his passport is returned, he cannot appear at trial.

    3.    There are currently three motions that have been briefed and are awaiting decision by the Court: (i) a motion to determine choice of law, (ii) Christ's motion for judgment on the pleadings as to Cormick's counterclaims, and (iii) Christ's motion for partial summary judgment as to his breach of contract claim. Resolution of these motions could have a material impact on the trial of this action, and. As such, it is in the interest of efficiency that the trial be continued until such time as these motions are decided.

Movants respectfully suggest that, because of these factors, the interests of justice weigh heavily in favor of rescheduling the trial and extending the discovery period.

Respectfully,

David L. Finger
(DE Bar ID #2556)

cc:    Clerk of the Court (via CM/ECF)
       Thad J. Bracegirdle, Esq. (via CM/ECF)

---

[1] Mr. Christ is also awaiting production of banking records from Dr. Cormick. As Mr. Christ is aware, those records are no longer within Dr. Cormick's possession, custody or control. Dr. Cormick has made repeated requests upon the bank for copies. However, through no fault of Dr. Cormick, the bank has not yet delivered the records. The difference is that while Mr. Christ may have an interest in reviewing those records, they are not relevant to proving any of his claims.