**FINGER & SLANINA, LLC**
ATTORNEYS AT LAW

David L. Finger, Resident, Wilmington Office:
One Commerce Center, 1201 Orange St., Suite 725
Wilmington, Delaware 19801-1155
Ph: (302) 884-6766 | Fax: (302) 984-1294
E-mail: dfinger@delawgroup.com
www.delawgroup.com

February 11, 2008

**Via E-Filing**
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 King Street, Lock Box 19
Wilmington, DE 19801

      Re:    **Christ v. Cormick, *et al.*.** C.A. No. 06-275-GMS
               **Elan Suisse Ltd. v. Christ**, C.A. No. 07-60-GMS

Dear Judge Sleet:

Please accept this letter as the parties' joint submission in anticipation of the teleconference scheduled for February 12, 2008. The sole issue for the Court is whether the Court should re-schedule the trial and extend the discovery and case-dispositive motions deadline. Below are the parties' positions:

Defendants in CA. No. 06-265-GMS and Plaintiff in C.A. No. 07-60-GMS

The Court should re-schedule the trial and re-set the discovery and dispositive motion deadline for three reasons:

1.  Despite repeated requests, Mr. Christ delayed submitting the supplemental discovery responses ordered by the Court on October 3, 2007 until the discovery cut-off date of February 7, 2008, *over four months later*. This prevents follow-up discovery (including a deposition of the opponent, Mr. Christ[1], as well as investigation and possible depositions of third parties overseas), and the opportunity to present a dispositive motion and have it resolved prior to trial (scheduled for May 27, 2008). Moreover, the discovery responses (which continue to be incomplete) identify for the first time over 200 pages of alleged fraudulent statements. It is unfair to require Dr. Cormick to have to prepare defenses to 200 pages of claimed fraud within the time left.

2.  Dr. Cormick currently cannot travel for deposition or trial. After Mr. Christ caused his detention and torture in Zimbabwe, Dr. Cormick moved to another country (because of Mr. Christ's propensity to make false accusations to the police wherever Dr. Cormick is to procure his arrest, Dr. Cormick has not identified his current location, but is certainly willing to provide a sworn statement to the Court confirming his

---

[1] Thus far none of the parties have been deposed. The only deposition has been of a third party witness.

The Hon. Gregory M. Sleet
February 11, 2008
2

inability to travel). He had to hand in his passport to government officials while his status is determined. He expected to have his passport returned by now, and has inquired into it, but thus far it has not been returned. As credibility determinations are central in this case, it is necessary that he be present at trial.

       3.    There are three motions currently pending (for choice of law, Mr. Christ's motion for judgment on the pleadings as to Dr. Cormick's counterclaims, and Mr. Christ's motion for partial summary judgment). As those motions (along with a motion for partial summary judgment Dr. Cormick intends to file if the deadlines are extended) could have a significant impact on the conduct and length of the trial, the trial date should be continued to allow resolution of those motions.

<u>Plaintiff in CA. No. 06-265-GMS and Defendant in C.A. No. 07-60-GMS</u>

       1.    Mr. Christ agrees that additional discovery is required and joins in Dr. Cormick's request that the Court extend the discovery cut-off and deadline for dispositive motions. However, Mr. Christ opposes any request to reschedule the trial current set to begin on May 27, 2008. Mr. Christ has to date fulfilled all of his discovery obligations and believes that any remaining discovery (which includes depositions of the two parties and some third party witnesses) can be completed well in advance of trial and in sufficient time to permit the filing of any additional dispositive motions. The motions currently pending before the Court were filed in compliance with the scheduling order previously entered by the Court and, therefore, should have no bearing on the trial date.

       2.    The Court should give no weight to any claim that Dr. Cormick cannot travel. Dr. Cormick refuses to disclose where exactly he resides and, accordingly, neither Mr. Christ nor counsel can test the veracity of his claim. As a result, Dr. Cormick can unilaterally and indefinitely postpone his deposition and trial in this action by continuing to claim that the government of an unnamed country has possession of his passport while Mr. Christ will be powerless to challenge him. In any event, Mr. Christ has reason to doubt Dr. Cormick's claim since the third party witness who recently was deposed testified that, since his imprisonment in Zimbabwe in August 2006, Dr. Cormick has traveled to South Africa, the Seychelles and locations in Europe.

       Respectfully,

David L. Finger
(DE Bar ID #2556)

cc:    Thad J. Bracegirdle, Esq. (via CM/ECF)
       Clerk of the Court (via CM/ECF)