IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC, | ) ) ) | C.A. No. 06-275-GMS |
| | ) | |
| Defendants. | ) | |
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE TO PRECLUDE HEARSAY TESTIMONY**

Brett J. Cormick, Elan Suisse International Holdings (USA) LLC and Elan Suisse, Ltd. hereby move, pursuant to F.R.E. 602, 801 and 802, to exclude hearsay testimony offered by or on behalf of Robert D. Christ, and in support thereof state as follows:

1. Mr. Christ has brought a fraud claim against Mr. Cormick and Elan Suisse International Holdings (USA) LLC, claiming that Dr. Cormick misrepresented (i) his personal credentials and background, (ii) his relationships with investors in South Africa, and (iii) the validity and operations of his business venture. (Am. Compl. ¶30). The burden is on Mr. Christ to prove the

alleged falsity of these statements by clear and convincing evidence. *U.S. v. Marifarms, Inc.*, 345 F.Supp. 858, 862 (D. Del. 1972).

2.      Dr. Cormick has filed a counterclaim for defamation arising from Mr. Christ's accusations on his website that Dr. Cormick is a, amongst numerous other accusations, a "scam artist," a "crook," a "liar," a "thief," a "deadbeat dad," and a "pedophile." (Counterclaim ¶95). Mr. Christ has asserted an affirmative defense of truth, and has the burden of proof as to that defense. *Baker v. Charles*, 919 F.Supp. 41, 45 (D. Me. 1996).

3.      Other than himself, Mr. Christ has listed 5 potential witnesses. Four of the witnesses are individuals whose dealings with Dr. Cormick predated that of Mr. Christ (in some cases by over a decade), and so have no personal knowledge of the transaction in this case.[1] The fifth identified witness is a young woman who met and had a brief personal relationship with Dr. Cormick after the dispute with Mr. Christ arose, and consequently has no first hand information about the facts of the case.

4.      This leaves Mr. Christ. Mr. Christ is not a percipient witness to the facts which he alleges were misrepresented, or many of the false accusations making up the defamation claim. On information and belief, movants believe that Mr. Christ will seek to prove his case through his own testimony about his own investigation into Dr. Cormick's background and documents he located. Such testimony violates F.R.E. 602, as it is not based on Mr. Christ's personal knowledge.

5.      For testimony to be based on personal knowledge, it must be an impression derived from the exercise of one's own senses, and not from the reports of others. *U.S. v. Borelli*, 336 F.2d

---

[1] Movants have filed a separate motion *in limine* to exclude the deposition testimony of those witnesses.

376, 392 (2nd Cir. 1964), *cert. denied*, 379 U.S. 960 (1965); *S.E.C. v. First City Financial Corp.*, 688 F.Supp. 705, 720 (D.D.C. 1988), *aff'd*, 890 F.2d 1215 (D.C. Cir. 1989); 2 *Wigmore on Evidence* §657 (3rd ed. 1940); 1 *McCormick on Evidence* §10 (4th ed. 1992).

6.   Therefore, any testimony from Mr. Christ (or any other witness) based on information provided by third parties or documents constitutes hearsay under F.R.E. 801 and 802, and violates F.R.E. 602 and 1002, and so should be excluded.

WHEREFORE, for the foregoing reasons, movants respectfully request that the Court exclude from trial any testimony from Mr. Christ, and any related documents derived from investigation rather than his personal observation.

Dated: March 28, 2008

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for Brett J. Cormick, Elan Suisse International Holdings (USA) LLC and Elan Suisse, Ltd.