IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRETT J. CORMICK and ELAN SUISSE INTERNATIONAL HOLDINGS (USA) LLC, | ) ) ) | C.A. No. 06-275-GMS |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ELAN SUISSE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-60-GMS |
| | ) | |
| ROBERT D. CHRIST, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO THE MOTION *IN LIMINE* OF ROBERT D. CHRIST SEEKING TO EXCLUDE EVIDENCE OF BRETT J. CORMICK'S PHYSICAL AND PSYCHOLOGICAL INJURIES**

Brett J. Cormick hereby responds to the Motion *in Limine* of Robert D. Christ seeking to exclude all evidence of Dr. Cormick's physical and psychological injuries, and states as follows:

1. Dr. Cormick has asserted as counterclaims violation of International Law under the Alien Tort Claims Act, as well as claims of false imprisonment and intentional infliction of emotional duress, resulting from the arrest and torture of Dr. Cormick by the Zimbabwe police (at the instigation of Mr. Christ).

2.      Mr. Christ correctly points out that there will be no expert testimony at trial. As such, Dr. Cormick agrees that there can be no testimony as to specific medical diagnoses, such as post-traumatic stress disorder, soft tissue injury and long term impairment of hearing and vision, and Dr. Cormick will not attempt to introduce such testimony. However, Mr. Christ's argument that all testimony as to physical and mental injury is precluded due to the lack of expert testimony is incorrect.

3.      Although Mr. Christ bases his argument on Delaware and Zimbabwe law, in a diversity case, whether the evidence is sufficient to create a triable jury issue on causation is a question of federal law. *Burnette v. Dow Chemical Co.*, 849 F.2d 1269, 1274 (10th Cir. 1988). In any event, Delaware law is the same.

4.      Under Third Circuit and Delaware law, expert testimony is not required if the alleged injury logically flows from the incident. *Bushman v. Halm*, 798 F.2d 651, 660 (3rd Cir. 1986); *Smith v. Chrysler Corp.*, C.A. No. 94C-12-002-WTQ, 1996 WL 945018, WL Op. at *3, Quillen, J. (Del. Super. Oct. 25, 1996) (expert testimony not required to establish that facial injuries were caused by contact with an airbag). *Accord Allinger v. City of Utica*, 641 N.Y.S.2d 959, 960 (N.Y.A.D. 4th Dept. 1996) (false imprisonment case).

5.      Thus, testimony about symptoms resulting from beatings and other torture, such as pain, existence of bruises, cuts and abrasions, and fear is admissible under *F.R.E.* 701, as it does not require the knowledge of expert witnesses. *Townsend v. Benya*, 287 F.Supp.2d 868, 875 (N.D. Ill. 2003).

6.      Similarly, Dr. Cormick may testify as to the effect of the imprisonment and torture on his nerves and general mental condition, provided he does not refer to specific psychological

conditions. *Super X Drugs of Alabama, Inc. v. Marie*, 286 So.2d 47, 48 (Ala. Civ. Ap. 1973). *See also Allinger*, 641 N.Y.S.2d at 950 (in false imprisonment case, "[t]he conclusion that a mother and her young child may be terrified and suffer emotional trauma from the sudden, explosive entry into their apartment of strangers carrying guns does not require special knowledge or training"); *Alston v. King*, 231 F.3d 383, 388 (7th Cir. 2000) ("an injured person's testimony may, by itself or in conjunction with the circumstances of a given case, be sufficient to establish emotional distress without more").

WHEREFORE, for the foregoing reasons, Dr. Brett J. Cormick respectfully requests that the Court deny Mr. Christ's Motion *in Limine* to Exclude Evidence of Brett J. Cormick's Physical and Psychological Injuries.

Dated: April 7, 2008

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for Dr. Brett J. Cormick, Elan Suisse International Holdings (USA), LLC and Elan Suisse, Ltd.



Not Reported in A.2d                                                                                                                Page 1
Not Reported in A.2d, 1996 WL 945018 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Smith v. Chrysler Corp.
Del.Super.,1996.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Delaware.
Ruth M. SMITH and Norris L. Smith
v.
CHRYSLER CORP., a Delaware Corporation, and
Advantage Dodge, Chrysler, Plymouth, Inc., a
Maryland Corporation
**No. 94C-12-002-WTQ.**

Oct. 25, 1996.

Defendants' Motion for Summary Judgment Denied Without Prejudice.

Melanie K. Sharp, Esquire, Young, Conaway, Stargatt & Taylor, Wilmington.
William J. Cattie, III, Esquire, Heckler & Cattie, Wilmington.
Terri Steinhaus Reiskin, Esquire, Hogan & Hartson L.L.P., Washington.
QUILLEN, J.
**\*1** Dear Counsel:

This is the Court's decision on Defendants' Motion for Summary Judgment pursuant to Superior Court Civil Rule 56. Defendants Chrysler Corporation and Advantage Dodge, Chrysler, Plymouth Incorporated ("defendants") seek an order from the Court that no genuine issue of material fact exists as to the necessity of an expert witness for plaintiff Ruth M. Smith's case and that due to failure to identify an expert witness plaintiff will be unable to prove her case as a matter of law. For the reasons herein stated, defendants' Motion is DENIED without prejudice.

FACTS

Plaintiff Ruth Smith ("Mrs. Smith" or "plaintiff") alleges injuries when the driver's side airbag in her 1991 Dodge Shadow deployed during a single-car collision with a deer. The automobile in question was manufactured by defendant Chrysler Corporation and sold by defendant Advantage Dodge, Chrysler, Plymouth, Incorporated. Mrs. Smith suffered first and second degree burns to her face, as well as corneal abrasions. She now suffers from facial scarring and visual difficulties. She has alleged negligence, strict liability, failure of an implied warranty of merchantability, and inadequate warnings concerning proper positioning of driver, steering wheel, seat, and airbag. Her husband Norris L. Smith also brings a claim for loss of consortium. At the discovery stage of these proceedings, plaintiff is proceeding on the inadequate warnings theory, while not foreclosing the possibility of continuing to pursue the alternate theories of recovery, especially negligent design.

Discovery was initially scheduled to end on December 29, 1995. Mrs. Smith issued discovery on November 29, 1995 and defendants responded on January 3, 1996. Counsel for both sides obtained an extension on discovery until April 30, 1996. Counsel for Mrs. Smith, of the opinion that defendants' responses were inadequate, requested completed responses on several subsequent occasions. Defense counsel agreed to provide additional information, but as of September 26, 1996 have failed to do so. Plaintiff also requested two individual depositions and a Superior Court Civil Rule 30(b)(6) deposition. Defendants agreed to supply dates but have failed to do so.

At mediation on March 15, 1996, the mediator asked plaintiff whether she planned to use an expert. Plaintiff disclosed to the mediator that she had retained an expert and would produce a report after pursuing overdue discovery from defendants. At the mediator's request, plaintiff agreed that her retention of an expert would be disclosed to defendants. At that mediation, however, defense counsel agreed

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                  Page 2
Not Reported in A.2d, 1996 WL 945018 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

to extend the discovery cut-off date further and to complete the previously agreed upon discovery. In anticipation that she would be receiving additional evidence through the added discovery, plaintiff declined to identify her expert witness at that time, or since.

Plaintiff, in view of defense counsel's failure to provide the agreed-upon discovery, filed with the Court, concurrently with this Motion, a Motion to Compel Discovery. Additionally, plaintiff states that she is not obliged to retain an expert because the matter in issue is one within the common knowledge of laypersons.

DISCUSSION

**\*2** When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist. *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.,* Del.Super., 312 A.2d 322, 325 (1973). If, after viewing the record in a light most favorable to the non-moving party, the Court finds there are no genuine issues of material fact, summary judgment will be appropriate. *Id.* The Court's decision must be based only on the record presented, including all pleadings, affidavits, depositions, admissions, and answers to interrogatories, not on what evidence is "potentially possible." *Rochester v. Katalan,* Del.Supr., 320 A.2d 704 (1974). All reasonable inferences must be drawn in favor of the non-moving party. *Sweetman v. Stescon Indus.,* Del.Super., 389 A.2d 1319 (1978). Summary judgment will not be granted if the record indicates that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances. *Ebersole v. Lowengrub,* Del.Supr., 180 A.2d 467 (1962).

Defendants' Motion raises two issues for the Court. First, is expert testimony required concerning whether defendants provided adequate warnings. Second, assuming that expert testimony is required, whether summary judgment at this juncture is an appropriate remedy for plaintiff's failure to disclose the expert.

Admission of expert testimony is governed by the Delaware Rules of Evidence ("D.R.E."). Rule 702 provides that "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."If expert testimony will be helpful to the jury, it is generally admissible, subject to the requirements of D.R.E. 702. Expert testimony may even touch upon an issue to be decided by the jury. *Lewis v. State,* Del.Supr., 416 A.2d 208, 209 (1980). There are some situations, however, when expert testimony is absolutely necessary. The standard for determining when expert testimony is required in a tort case was outlined by the Delaware Supreme Court in *Money v. Manville Corp. Asbestos Disease Comp. Trust Fund,* Del.Supr., 596 A.2d 1372 (1991). Citing to Prosser and Keeton's hornbook on tort law, the Court stated the following:

When the issue of proximate cause is presented in a context which is not a matter of common knowledge, expert testimony may provide a sufficient basis for a finding of causation, but in the absence of such testimony it may not be made.

*Id.* at 1376 (citations omitted). If the matter in issue is only within the specialized purview of the expert, instead of the common body of knowledge attributed to all, the plaintiff must introduce expert testimony in order to establish a *prima facie* case. *Id.* at 1375.*See also Mountaire of Delmarva, Inc. v. Glacken,* Del.Supr., 487 A.2d 1137, 1141 (1984); *Weiner v. Wisniewski,* Del.Supr., 213 A.2d 857, 858 (1965); *Laskowski v. Wallis,* Del.Supr., 205 A.2d 825, 826 (1964).

**\*3** In *Money,* the Supreme Court held that testimony as to the causal nexus between the plaintiffs' asbestos-related injuries and the asbestos products manufactured by the defendants was not within the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                Page 3
Not Reported in A.2d, 1996 WL 945018 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

common knowledge of laypersons. *Money,* 596 A.2d at 1376. The Court recognized that, as a general rule, causation of latent physical conditions or the existence of a particular disease, particularly in cases dealing with cancer, requires expert medical testimony. *Id.* On the other hand, if causal relation is a little more obvious, expert testimony is not required. The Third Circuit cogently stated the rule in the following manner:

If the question of causal relation is so esoteric that lay minds cannot form any intelligent judgment about it without expert aid an opinion from an expert may be required.... [A]s a matter of ordinary experience, a particular act or omission might be expected under the circumstances to produce a particular result. If the result has indeed followed, it may be permissible to conclude that a causal relation exists. On the other hand, the correlation between certain conditions ... may be beyond lay knowledge. Therefore, expert medical testimony should be used to aid [the trier of fact's] comprehension that a particular condition may arise out of a specific injury.

*Bushman v. Halm,* 3d Cir., 798 F.2d 651, 659 (1986). If the alleged injury logically flows from the incident or use, expert testimony is not required.*Id.* at 660.The Court cited a broken leg sustained in an automobile accident as an example of this "logical flow." *See also Lewis v. State,* Del.Supr., 416 A.2d 208 (1980) (holding that probable physical injury resulting from a knife is not beyond the comprehension of laypersons).

In opposing the present Motion, plaintiff argues two points. First, that it does not take an expert to demonstrate that the facial injuries which Mrs. Smith sustained were proximately caused by contact with the airbag. Second, that it does not take an expert to determine whether warnings are adequate. As to these two points, the Court agrees. Defendants have failed to sustain their burden of demonstrating that expert testimony is required on those issues. That contact with the airbag caused Mrs. Smith's injuries does not appear to be a matter within the exclusive purview of an expert. Instead, such injuries could very well be said to "logically flow" from contact with an airbag. Warnings themselves are meant to be seen, read, and heeded by the general public, and, absent some special circumstances, there maybe no better "expert" on their efficacy than the public. While such additional evidence as statistical data or an expert's opinion may be helpful in establishing whether the warnings were adequate, the Court is not persuaded that expert testimony is an absolute necessity.

Were these the only two points that the Court must consider, our inquiry would be at an end. However, plaintiff has neglected one additional facet of her claim. In addition to showing that the airbag proximately caused her injuries and that the warnings given were inadequate, Smith must also show an additional step, that it is more likely than not that she would not have been injured if she had been sitting in a different position or had the steering column been positioned differently. In other words, there must be evidence that an adequate warning, if given, would have made a difference. The Court believes that such evidence is neither obvious nor within the common knowledge of a layperson.

**\*4** In examining the matter, the Court found it helpful to refer to a recent decision of the Superior Court of New Jersey in an airbag case, in which the appellate division court affirmed a grant of summary judgment in favor of defendant American Honda Motor Company. *Finkelstein v. Wayne Acura,* N.J.Super., App. Div., A-1593-95T1 (June 10, 1996) (per curiam), *available in* Automotive Litigation Reporter (July 2, 1996). Plaintiff suffered facial injuries in an automobile accident when the airbag in her automobile deployed. She alleged inadequate warnings and manufacturing defects, and offered the report and testimony of her expert to establish her *prima facie* case. One element of her case was her deposition testimony that since the accident she had moved her seat further back from the steering column and the airbag. Based on this premise, she argued that had she been warned prior

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d    Page 4
Not Reported in A.2d, 1996 WL 945018 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

to the accident to move her seat back, she could have delayed contact with the airbag and either eliminated or substantially reduced her injuries.

The appellate division court rejected plaintiff's argument. As the court pointed out, the theory behind the inadequate warnings claim made one basic assumption: "that the risk of and severity of an injury from the deployment of a drivers-side airbag decreases as a driver moves away from the airbag deployment mechanism."*Finkelstein,* mem. op. at 5. The court rejected this theory.

Whether the force of the airbag's impact against the driver decreases proportionately with the distance of the impact point from the steering wheel and whether the risk and severity of injury to the driver decreases with the force of the impact are not propositions which can be assumed without proof.... In view of the complex interplay of forces, it is not obvious that at all possible points where the driver's face can strike the airbag, there is a simple, linear relationship between the force of the impact and the distance from the steering wheel at which it occurs.... A trier of fact could only speculate whether the danger of the injury which plaintiff suffered is dependent only on the relative force or velocity of the airbag at the moment of its impact or whether the danger of injury is materially affected, for example, by the angle of blow, the part of the airbag which struck her eye, or the way her head was positioned.

*Id.,* mem. op. at 6-7. The Court concluded that plaintiff's expert had failed to provide an adequate foundation to support his opinion that plaintiff's injury was proximately caused by the failure to warn. *Id.,* mem. op. at 7-8. There was no evidence upon which a trier of fact could conclude "that any warning would probably have prevented the injury."*Id.,* mem. op. at 4.

The Court finds the *Finkelstein* Court's reasoning persuasive. In this case, Mrs. Smith will have to offer evidence that had Chrysler provided warnings concerning seat and steering column positioning, and had Mrs. Smith heeded them, her injuries would not have occurred. Her Complaint and her Response to the Motion for Summary Judgment seem to assume that conclusion. As the New Jersey Superior Court pointed out, however, an assumption of this nature is unwarranted. Expert testimony, with a sufficient foundation in evidence, is necessary to establish this intermediate step in plaintiff's inadequate warnings theory.

**\*5** Since the Court holds that expert testimony is required for one element of plaintiff's inadequate warnings claim, the Court must now determine whether summary judgment is an appropriate remedy for plaintiff's failure to disclose an expert as of the date of this opinion. Defendants' Motion for Summary Judgment asks the Court to sanction plaintiff for her failure to disclose her expert by refusing to permit that expert to testify. If plaintiff's case requires expert testimony and she is not permitted to have an expert, then she is unable to prove her case, and summary judgment would therefore be appropriate.

Under the circumstances of this case, however, entry of summary judgment as an implementation of sanctions strikes the Court as somewhat harsh. The Court cannot say that the plaintiff's position on this Motion was frivolous and the case has not been without other discovery difficulties or at least contentions of difficulties. Under all the circumstances, it seems to the Court that the better course is to deny the Motion without prejudice and request that counsel submit a stipulated amended Scheduling Order as to all dates up to the pretrial conference. Counsel is scheduled to appear for a conference with the Court on November 6, 1996 at 12 p.m. at which time any other matters which need to be discussed can be addressed and pretrial conference and trial dates can be set.

CONCLUSION

Plaintiff's claim that an expert was not necessary was reasonably presented and summary judgment is not appropriate at this time. For this and all the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
Not Reported in A.2d, 1996 WL 945018 (Del.Super.)  
**(Cite as: Not Reported in A.2d)**

Page 5

foregoing reasons, Defendant's Motion for Summary Judgment is DENIED without prejudice. IT IS SO ORDERED.

Del.Super.,1996.  
Smith v. Chrysler Corp.  
Not Reported in A.2d, 1996 WL 945018 (Del.Super.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.