IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT D. CHRIST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-275-GMS |
| ) | |
| BRETT J. CORMICK and ELAN SUISSE ) | |
| INTERNATIONAL HOLDINGS (USA) ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF BRETT J. CORMICK'S PHYSICAL AND PSYCHOLOGICAL INJURIES**

Plaintiff-counterclaim defendant Robert D. Christ hereby respectfully submits this memorandum of law in further support of his Motion *In Limine* to preclude defendant-counterclaim plaintiff Brett J. Cormick from offering at trial any testimony concerning physical or psychological injuries he alleges to have suffered or the cause of such injuries:

1.    Mr. Cormick contends that, under Third Circuit and Delaware law, he may offer his own lay testimony concerning those alleged injuries which "logically flow" from his incarceration in a Zimbabwean prison. *Smith v. Chrysler Corp.*, 1996 WL 945018, at *3 (Del. Super. Oct. 25, 1996). This argument, however, runs contrary to established case law from the Delaware Supreme Court that postdates *Smith v. Chrysler Corp.* and holds expressly that "[w]ith a claim for bodily injuries, the causal connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury *must* be proven by the direct testimony of a competent medical expert." *Rayfield v. Power*, 840 A.2d 642 (TABLE), *disposition reported at* 2003 WL 2287307, at *1 (Del. Dec. 2, 2003) (Ex. C to Mr. Christ's opening brief) (emphasis added).

*Accord Adams v. Sheldon*, 2007 WL 2936193, at *3 (D. Del. Oct. 5, 2007) (Ex. D to Mr. Christ's opening brief).

2.  Moreover, the Third Circuit precedent cited by Mr. Cormick is persuasive only if he has first provided competent evidence proving the *existence* of the injuries for which he intends to testify as to causation. *See Bushman v. Halm*, 798 F.2d 651, 659-60 (3d Cir. 1986) (concluding that expert opinion on causation not required given the plaintiff's introduction of "a physician's report setting forth a qualitative and quantitative description of a common injury"); *McKenna v. Pacific Rail Service*, 32 F.3d 820, 834 (3d Cir. 1994) (distinguishing *Bushman* and holding that causation could not be proven in the absence of "objectively identifiable, medically verified symptoms"). Here, Mr. Cormick admits that he does not intend to introduce *any* medical evidence concerning either the existence or causation of his claimed injuries and, as such, it would be improper to permit him to speculate and provide his lay opinion to the jury as to causation – particularly since, as discussed in Mr. Christ's opening brief, there is a factual dispute as to whether Mr. Cormick even suffered the injuries he alleges. This is true with respect to Mr. Cormick's claims for both physical *and* emotional injuries. *See McKenna*, 32 F.3d at 824 (affirming district court's decision to strike plaintiffs' claim for emotional distress damages without "any objective evidence supporting the plaintiffs' claims of emotional distress").

3.  However, in the event the Court permits Mr. Cormick to testify as to his injuries, such testimony should be limited strictly to such minor injuries as bruises, cuts and abrasions for which the jury may be able to determine causation without the aid of an expert witness. *See Townsend v. Benya*, 287 F. Supp.2d 868, 875 (N.D. Ill. 2003). To the extent the Court denies Mr. Christ's motion, the Court nonetheless should enter an order precluding Mr. Cormick from attempting to introduce any evidence relating to those injuries for which Mr. Cormick concedes

medical expertise *is* required – *e.g.*, post-traumatic stress disorder, double pneumonia, malaria, kidney damage, and difficulty in breathing, hearing and vision. *See id.* (granting motion *in limine* to the extent plaintiffs' claims of injury relied upon expert testimony and limiting testimony to plaintiffs' "own personal observations and experiences"); F.R.E. 701 (lay opinion testimony permitted only if "rationally based on the perception of a witness").

4. The Court likewise should limit Mr. Cormick's testimony to only those mental or emotional conditions to which he can testify from his own experience. Even where a plaintiff testifies as to his own emotional distress, he "must reasonably and sufficiently explain the circumstances of the injury rather than relying on mere conclusory statements." *Alston v. King*, 231 F.3d 383, 388 (7th Cir. 2000). *See also Lloyd v. Jefferson*, 53 F. Supp.2d 643, 674 (D. Del. 1999) (plaintiff's emotional distress must be "both severe and reasonable under the circumstances"). Moreover, the *absence* of expert testimony can be relevant to disproving causation of emotional distress as well as compensatory damages. *See Bailey v. Runyon*, 220 F.3d 879, 881 (8th Cir. 2000). Given Mr. Cormick's lack of any expert evidence, it is critical that the Court strictly limit his testimony – if it is permitted at all – only to those symptoms of emotional distress that lie within the jury's common experience and knowledge.

WHEREFORE, Mr. Christ respectfully requests that his Motion *In Limine* to Exclude Evidence of Mr. Cormick's Physical and Psychological Injuries be granted.

REED SMITH LLP

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (No. 3691)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 778-7500

Attorneys for Robert D. Christ

Dated: April 14, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT D. CHRIST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-275-GMS |
| | ) |
| BRETT J. CORMICK and ELAN SUISSE | ) |
| INTERNATIONAL HOLDINGS (USA), | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Thad J. Bracegirdle, hereby certify that on April 14, 2008, I caused a true and correct copy of the foregoing *Reply Memorandum of Law in Support of Plaintiff's Motion for Limine to Exclude Evidence of Brett J. Cormick's Physical and Psychological Injuries* to be served on counsel for defendants as listed below, via CM/ECF.

*Attorneys for Defendants:*

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE 19801-1155

Dated: April 14, 2008

/s/ *Thad J. Bracegirdle*
Thad J. Bracegirdle (No. 3691)